Attorneys for Plaintiff

   Joseph M. Hill, Esquire
   HILL & HILL
   124 South 8th Street
   Lebanon, PA 17042
   Phone: 717-272-7171
   Fax: 717-272-0691

Attorneys for Defendant

   Wendy D. Bowie, Esquire
   IRA H. WEINSTOCK, P.C.
   800 North Second Street
   Harrisburg, PA 17102
   Phone: 717-238-1657
   Fax: 717-283-6691

ORIGINAL

FILED
HARRISBURG

DEC 19 2001

MARY E. D'ANDREA, CLERK
Per _____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN L. KRAUSE, ) | CASE NO. 1:00-CV-1922 |
|           Plaintiff ) | |
| v. ) | |
| GERALD K. KRAUSE, ) | MAGISTRATE JUDGE SMYSER |
|           Defendant ) | |

JOINT CASE MANAGEMENT PLAN

    Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

    No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 4/97)

1. **Principal Issues**

    1.10  Separately for each party, please give a statement summarizing this case:

    By plaintiff(s):

    The parties to this action were formerly husband and wife, having been married February 25, 1984 and having been divorced by Decree of the Court of Common Pleas of Lebanon County, Pennsylvania on March 16, 1999. The Decree in Divorce incorporated a Property Settlement Agreement which awarded Plaintiff, inter alia, two-thirds of the marital portion of Defendant's 2 pension plans plus two-thirds of any increase in value accrued on either plan from the date of separation to the date of distribution. Subsequent to the entry of the Decree, Defendant, who was an official of the teamster's union, told Plaintiff that the union had already segregated his pension funds, and that her portion thereof was put into two separate accounts, with two different account numbers, in her name only. Thereafter, Defendant became seriously ill and was hospitalized in or about Columbus, Ohio for several months until his death. Apparently, while hospitalized and very shortly before his death, Defendant married Barbara Krause. Defendant died August 6, 2000 and on August 16, 2000, upon Motion of Plaintiff, The Honorable Robert J. Eby, President Judge of the Court of Common Pleas of Lebanon County issued an Order freezing the marital portion of Defendant's retirement accounts in the amount of $62,811.57. Shortly thereafter, Defendant caused this matter to be removed to Federal Court.

    By defendant(s):

    Gerald and Maureen Krause were married for a period of approximately 10 years, from February of 1984, until they separated in 1994, and Maureen Krause filed for divorce. After a lengthy divorce proceeding, including a Master's Hearing, the parties ultimately reached a settlement of the equitable distribution of the marital estate that was

memorialized in a Property Settlement Agreement signed by the parties in early 1999. The issues before the Court involve Mr. Krause's pension. The Property Settlement Agreement awarded Maureen Krause two-thirds of the marital portion of Mr. Krause's defined benefit pension and two-thirds of the marital portion of his defined contribution pension, and required the parties to submit the necessary Qualified Domestic Relations Orders to the Court for signature. The divorce was finalized in 1999 and no Qualified Domestic Relations Orders were ever submitted to the Court for signature, or to the Pension Plan. Mr. Krause told Maureen Krause that the divorce had cost him enough, and if she wanted his pension she could pay her lawyer to prepare the Qualified Domestic Relations Orders. Mr. Krause ultimately remarried, was diagnosed with pulmonary fibrosis, was hospitalized a number of times in Pennsylvania and in Ohio for this condition, and ultimately died, in August of 2000, as a result of the condition. Maureen Krause was aware of her ex-husband's illness and impending death, but did nothing to obtain the Qualified Domestic Relations Orders. Following Mr. Krause's death she attempted to obtain pension benefits from his pension plans and these were denied by the Plans because there were no Qualified Domestic Relations Orders, and any benefit payable with respect to Mr. Krause ended with his death. The plans took the position that upon Mr. Krause's death, rights were immediately vested in his widow and there were no rights remaining with respect to Mr. Krause or his benefits. Maureen Krause then attempted to freeze distribution of any benefits to Mr. Krause's widow through an ex parte State Court Order directed to the pension plans. The Plans informed Maureen Krause that they could not honor the Orders because the Orders violated ERISA. Maureen Krause then brought this action which was removed to federal court.

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

1.11   Whether Gerald Krause was a Union official at the time of his divorce.

1.12   Whether Gerald Krause told Maureen Krause that any monies had been segregated by his pension plans into separate accounts in her name.

1.13

<u>agree</u> upon are:

1.20   Gerald and Maureen Krause separated in 1994 and were divorced in 1999.

1.21   The property settlement agreement signed by the parties awarded two-thirds of the marital portion of Mr. Krause's pension benefits in each of two plans to Maureen Krause, through a Qualified Domestic Relations Order that was to be prepared and submitted to the Court for signature.

1.22   No Qualified Domestic Relations Order was ever submitted to the Court for signature, nor was any Qualified Domestic Relations Order ever submitted to Mr. Krause's pension plans.

1.30   The principal <u>legal</u> issues that the parties <u>dispute</u> are:

1.31   Whether Mr. Krause's widow is in any way obligated to pay any monies to Maureen Krause as a result of Gerald Krause's death.

1.32   Whether the Decree in Divorce dated March 16, 1999 is enforceable and should the Plaintiff receive the two-thirds of the marital portion of the Defendant's pensions and the two-thirds increase in value thereof to the date of distribution as ordered by The Honorable Robert J. Eby.

1.33

agree upon are:

1.40  this Honorable Court has jurisdiction over this matter.

1.41

1.42

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.60  Identify any named parties that have not yet been served:

None.

1.70  Identify any additional parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

1.80  Identify any additional claims that:

plaintiff(s) intends to add:

None at this time.

defendant(s) intends to add:

None at this time.

## 2.0 Alternative Dispute Resolution ("ADR")

2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure __N/A_____

Date ADR to be commenced_____
Date ADR to be completed_____

2.20   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties do not believe that, at this stage of the litigation, there is any likelihood of settlement but will keep the option of mediation in mind should developments in the case indicate that settlement is possible but the parties are unable to reach it themselves.

**3.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y __ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

   ___ Scranton
   ___ Wilkes-Barre
   ___ Harrisburg

**4.0   Disclosures**

4.100  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

   4.101   Disclosed by __Plaintiff_____:

   | Name | Title/Position |
   |---|---|
   | 4.102 Maureen Krause | Ex-wife of Gerald Krause |
   | 4.103 _____ | _____ |
   | 4.104 _____ | _____ |
   | 4.105 _____ | _____ |

   4.151   Disclosed by <u>Defendant</u>:

   | Name | Title/Position |
   |---|---|
   | 4.152 Barbara Krause | Widow of Gerald Krause |

        4.153_____   _____

        4.154_____   _____

        4.155_____   _____

4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by <u>Plaintiff</u>:

        4.202 <u>None at this time</u>

        4.203_____

        4.204_____

        4.205_____

    4.251 Categories of documents disclosed by <u>Defendant</u>:

        4.252 <u>None at this time</u>

        4.253_____

        4.254_____

        4.255_____

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 Additional categories of documents <u>Plaintiff</u> will disclose:
        (party)

        4.302_____

        4.303_____

        4.304_____

    4.351 Additional categories of documents <u>Defendant</u> will disclose:
        (party)

        4.352 <u>all documents required by Rule or relevant to the case</u>

        4.353 _____

        4.354 _____

4.400  Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401  plaintiff's calculation of damages:

    4.402  defendant's calculation of offset:    None at this time.

    4.403  counter claimant/third party claimant's calculation of damages:

## 5.0  Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Summary Judgment | Defendant | Following close of discovery. |

## 6.0  Discovery

6.100  Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s):

    By defendant(s):  Defendant is preparing Interrogatories and Requests for Production of Documents.

6.200  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

    Interrogatories, Requests for Production of Documents, Requests for Admissions, and Depositions to identify admissible evidence and identify or eliminate issues to be litigated.

6.300  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

    None.

6.400  Identify any <u>subject area limitations on discovery</u> that one or more parties would like

imposed, at the first stage of or throughout the litigation:

None at this time.

6.500  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later  . . . modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits  recommended by plaintiff(s) and by defendant(s)):

6.501  depositions (excluding experts) to be taken by:

plaintiff(s):  10          defendant(s):  10

6.502  interrogatories to be served by:

plaintiff(s):  40          defendant(s):  40

6.503  document production requests to be served by:

plaintiff(s):  40          defendant(s):  40

6.504  requests for admission to be served by:

plaintiff(s):  30          defendant(s):  30

6.600  All discovery commenced in time to be completed by:
      August 1, 2002

6.700  Reports from retained experts due:

from plaintiff(s) by  June 15, 2002
from defendant(s) by  July 1, 2002

6.800  Supplementations due  August 1, 2002

**7.0  Protective Order**

7.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**8.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

_____
Name

_____
Title

_____

_____
Address

( )___ - ____   Daytime Telephone


___Barbara Krause (for Defendant)_____
Name

_____
Title

___845 Russell Street_____

___Annville, PA_____
Address

(717) 867 - 4978                              Daytime Telephone

**9.0   Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        __ 240 Days from the filing of the action in this court

        _x_ 365 Days from the filing of the action in this court

        __ Days from the filing of the action in this court

    9.2    Suggested Date for Trial:

        _December, 2002_____ (month/year)

    9.3    Suggested Date for the final Pretrial Conference:

        _November, 2002_____ (month/year)

    9.4    Final date for joining additional parties:

        _July 31, 2002_____ Plaintiff(s)

      July 31, 2002    Defendants(s)

9.5  Final date for amending pleadings:

      July 31, 2002    Plaintiff(s)

      July 31, 2002    Defendants(s)

9.6  All potentially dispositive motions should be filed by:

      October 1, 2002

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**None**

**11.0  Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

Joseph M. Hill, Esquire
HILL & HILL
124 South 8th Street
Lebanon, PA 17042
Phone: 717-272-7171

Dated: 12/19/01    _____
                           Attorney for Plaintiff(s)

Wendy D. Bowie, Esquire
IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657

Dated: 12/19/01    _____
                           Attorneys for Defendant(s)

      July 31, 2002    Defendants(s)

9.5  Final date for amending pleadings:

      July 31, 2002    Plaintiff(s)

      July 31, 2002    Defendants(s)

9.6  All potentially dispositive motions should be filed by:

      October 1, 2002

**FILED
HARRISBURG, PA
DEC 2 6 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk**

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**None**

**11.0  Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

Joseph M. Hill, Esquire
HILL & HILL
124 South 8th Street
Lebanon, PA 17042
Phone: 717-272-7171

Dated: 12/19/01    _____
                                 Attorney for Plaintiff(s)

Wendy D. Bowie, Esquire
IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657

Dated: 12/19/01    _____
                                 Attorneys for Defendant(s)