

9-4-0?
sc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

NO. 1:00-CV-1922
(Magistrate Judge Smyser)

---

MAUREEN L. KRAUSE,

Plaintiff

v.

GERALD K. KRAUSE, SR., dec'd, et al,

Defendants

---

## EXHIBITS IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

---

FILED
HARRISBURG, PA

SEP 03 2002

MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

Jeffrey R. Schott, Esquire
**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657
Attorney for Defendants

## PROPERTY SETTLEMENT AGREEMENT

THIS AGREEMENT, made this 4th day of March 1999, by and between

Maureen L. Krause of Lebanon County, Pennsylvania, hereinafter called "WIFE," and Gerald K.

Krause, Sr. of Lebanon County Pennsylvania, hereinafter called "HUSBAND."

WHEREAS, HUSBAND and WIFE were lawfully married on February 25, 1984 in Elkton,

Maryland; and

WHEREAS, there were no children born of this marriage; and

WHEREAS, diverse, unhappy differences, disputes, and difficulties have arisen between

HUSBAND and WIFE and it is the intention of HUSBAND and WIFE to live separate and apart

from each other for the rest of their natural lives, and HUSBAND and WIFE desire to settle and

determine fully and finally their respective financial and property rights and obligations as between

each other, including without limitation by specification: the settling of all matters between them

relating to the ownership and equitable distribution of real and personal property; the settling of all

matters between them relating to the past, present and future support and alimony; and in general,

the settling of any and all claims by one against the other or against their respective estates.

NOW THEREFORE, in consideration of the premises and of the mutual promises covenants

and undertakings contained herein, and for other good and valuable consideration, receipt of which

is hereby acknowledged by each of the parties hereto, HUSBAND and WIFE, each intending to be

legally bound, hereby covenant and agree as follows:

*1.*    *Separation:*  It shall be lawful for each party at all times hereafter to live separate and

apart from each other at such place as he or she from time to time shall choose or deem fit.  The

foregoing provision shall not be taken as an admission on the part of either party of the lawfulness

EXHIBIT
"A"

or unlawfulness of the causes leading to their living apart.

2.    **Interference:**  Each party shall be free from interference, authority and control by the other, as fully as if he or she were single and unmarried, except as may be necessary to carry out the provisions of this Agreement.  Neither party shall molest or attempt to endeavor to molest the other, nor compel the other to cohabit with the other, nor in any way harass or malign the other, nor in any other way interfere with the peaceful existence of the other, while living separate and apart.

3.    **Subsequent Divorce:**  The parties acknowledge that WIFE has filed a Complaint in Divorce under the Pennsylvania Divorce Code alleging that the marriage is irretrievably broken, HUSBAND hereby expresses his agreement that the marriage is irretrievably broken and expresses his intent to execute any and all affidavits necessary for the parties to obtain an absolute divorce pursuant to §3301(c) of the Divorce Code.  The parties hereby waive all rights to request Court-ordered counseling under the Divorce Code.  It is specifically understood and agreed by the parties that the provisions of this Agreement as to equitable distribution of property of the parties are accepted by each party as a final settlement for all purposes, whatsoever, as contemplated by the Pennsylvania Divorce Code.

Should a decree, judgment or order of separation or divorce be obtained by either of the parties in this or any other state, country or jurisdiction, each of the parties hereby consents and agrees that this Agreement and all of its covenants shall not be affected in any way by any such separation or divorce; and that nothing in any such decree, judgment, order or further modification or revisions thereof shall alter, amend or vary any term of this Agreement, whether or not either or both of the parties shall remarry.  It is specifically agreed that a copy of this Agreement or the substance of the provisions thereof, may be incorporated by reference into any divorce, judgment or

decree. it is the specific intent of the parties to permit this Agreement to survive any judgment and to be forever binding and conclusive upon the parties.

    **4.**    ***Date of Execution:***  The "date of execution" or "execution date" of this Agreement shall be defined as the day upon which it is executed by the parties if they have each executed the agreement on the same date.   Otherwise, the "date of execution" or "execution date" of this Agreement shall be defined as the date of execution by the party last executing this Agreement.

    **5.**    ***Mutual Release:***  HUSBAND and WIFE each do hereby mutually remise, release, quitclaim and forever discharge the other and the estate of such other, for all time to come, and for all purposes whatsoever, of and from any and all rights, title and interests, or claims in or against the property (including income and again from property hereafter accruing) of the other or against the estate of such other, of whatever nature and wheresoever situate, which he or she now has or at any time hereafter may have against the other, the estate of such other or any part thereof, whether arising out of any former acts, contracts, engagements or liabilities of such other or by way of dower or curtesy or widow's or widower's rights, family exemption or similar allowance, or under the intestate laws, or the right to take against the spouse's will' or the right to treat a lifetime conveyance by the other as testamentary, or all other rights of a surviving spouse to participate in a deceased spouse's estate whether arising under the laws of Pennsylvania; any State, Commonwealth or territory of the United States; or any country; ro any rights which either party may have or at anytime hereafter shall have for past, present or future support or maintenance, alimony, alimony pendente lite, counsel fees, property division, costs or expenses, whether arising as a result of the marital relations or otherwise, except, all rights and obligations of whatsoever nature arising or which may arise under this Agreement or for the breach of any provision thereof.

It is the intention of HUSBAND and WIFE to give to each other by the execution of this Agreement a full, complete and general release with respect to any and all property of any kind or nature, real, personal or mixed, which the other now owns or may hereafter acquire, except and only except all rights and agreements and obligations of whatsoever nature arising or which may arise under this Agreement or for the breach of any provision thereof.

It is further agreed that this Agreement shall be and constitute a full and final resolution of any and all claims which each of the parties may have against the other for equitable division of property, alimony, counsel fees and expenses, alimony pendente lite or any other claims pursuant to the Pennsylvania Divorce Code or the divorce laws of any other jurisdiction.

6.      *Representation By Legal Counsel:*  HUSBAND and WIFE are each represented by legal counsel and HUSBAND and WIFE hereby acknowledge that they have had the opportunity to review the terms of this Agreement with their respective counsel and have entered into this Agreement willingly, knowingly, freely, and voluntarily and have done so after having had the opportunity to review and discuss this Agreement with their respective attorneys and to discuss any and all questions they may have regarding this agreement including its legal effect and its consequences with their respective attorneys.  HUSBAND and WIFE acknowledge and accept that this Agreement is, in the circumstances, fair and equitable and that it is being entered into freely and voluntarily and that the execution of this Agreement is not the result of any duress or undue influence and that it is not the result of any collusion or improper or illegal agreement or agreements.

7.      *Warranty as to Existing Obligations:*  Each party represents that he or she has not heretofore incurred or contracted for any debt or liability or obligation for which the estate of the other party may be responsible or liable except as may be provided for in this Agreement.  Each party

agrees to indemnify and hold the other party harmless for and against any and all such debts, liabilities or obligation of every kind which may have heretofore been incurred by them, including those for necessities, except for the obligation arising out of this Agreement.

       *8.*    *Existing Debts:*  HUSBAND and WIFE agree that the existing marital debts are those debts identified on Page 35 of the Special Master's Report filed in the Lebanon County Court of Common Pleas on December 30, 1997.  A copy of Page 35 is attached hereto as Exhibit A, and is incorporated herein by reference.

       HUSBAND agrees to be solely responsible for paying the balances on the marital debts and agrees to indemnify, and hold WIFE harmless from any and all liability for the marital debts.

       HUSBAND agrees to be solely responsible for all post-separation debts which he incurred and agrees to indemnify, and hold WIFE harmless from any and all liability for said debts.

       WIFE agrees to be solely responsible for all post-separation debts which she incurred and agrees to indemnify, and hold HUSBAND harmless from any and all liability for said debts:

       *9.*    *Warranty as to Future Obligations:*  HUSBAND and WIFE each covenant, warrant, represent and agree that, with the exception of the obligations set forth in this Agreement, neither of them shall hereafter incur any liability whatsoever for which the estate of the other may be liable. Each party shall indemnify and hold harmless the other party for and against any and all debts, charges and liabilities incurred by the other after the execution date of this Agreement, except as may be otherwise specifically provided for by the terms of this Agreement.

       *10.*    *Personal Property:*  The parties acknowledge that they have divided all of their personal property between themselves to their mutual satisfaction.  Neither party shall make any claim to any such item of marital property, or of the separate personal property of either party, except as

provided for in this Agreement, which will be in the possession and/or under the control of the other. Should it become necessary, the parties each agree to sign, upon request, any titles or documents necessary to give effect to this paragraph. Property shall be deemed to be in the possession or control of either party if, in the case of tangible personal property, the item is physically in the possession or control of the party at the later of the time of the execution of this Agreement or the date of separation; and in the case of intangible personal property, if any physical or written evidence of ownership, such as passbook, checkbook, policy or certificate of insurance or other similar writing is in the possession or control of the party at the later of the time of the execution of this Agreement or the date of separation.

*11.* ***Pension/Retirement Benefits:*** HUSBAND and WIFE acknowledge that HUSBAND is a participant in two pension plans, a defined benefit plan and a defined contribution plan. HUSBAND and WIFE agree that the value of the marital portion of HUSBAND'S defined benefit plan, at the date of separation, is $16,571.00, and the value of the marital portion of HUSBAND'S defined contribution plan, at the date of separation, is $55,142.77.

HUSBAND and WIFE agree that WIFE shall receive two-thirds (⅔) of the marital portion of each of HUSBAND'S pension plans, plus two-thirds (⅔) of any increase in value accrued thereon from the date of separation to the date of distribution. HUSBAND and WIFE agree to the entry of one or more QUALIFIED DOMESTIC RELATIONS ORDERS to effectuate the terms of this Agreement, and further agree that the Court may retain jurisdiction of this matter to effectuate the terms of this Agreement. The parties agree to execute any and all documents necessary to effectuate the entry of and approval of any Qualified Domestic Relations Orders. The parties further agree that upon the entry of a Decree of divorce, the necessary Qualified Domestic Relations Orders shall be

prepared and shall be submitted to the Court for signature by a Judge.

*12.    Motor Vehicles:*  The parties agree that WIFE shall become the sole and exclusive owner of the 1989 Pontiac Grand Am.  WIFE shall be solely responsible for all costs associated with the car including, but not limited to registration and insurance costs, maintenance costs, and all expenses related to the ownership and operation of the car and further agrees to indemnify and hold HUSBAND harmless for payment of such obligations.

The parties agree that HUSBAND shall become the sole and exclusive owner of the 1982 pick-up truck.  HUSBAND shall be solely responsible for all costs associated with the car including, but not limited to registration and insurance costs, maintenance costs, and all expenses related to the ownership and operation of the car and further agrees to indemnify and hold WIFE harmless for payment of such obligations

The parties agree to execute any and all documents necessary to transfer title to either car exclusively to the party designated under this section to retain possession and sole ownership of such car.

*13.    After Acquired Personal Property:*   Each of the parties shall hereafter own and enjoy, independently of any claims or right of the other, all items of personal property, tangible or intangible, hereafter acquired by him or her, with full power in him or her to dispose of the same as fully and effectively, in all respects and for all purposes, as though he or she were unmarried.

*14.    Applicability of Tax Law to Property Transfers:*   The parties hereby agree and express their intent that any transfers of property pursuant to this Agreement shall be within the scope and applicability of the Deficit Reduction Act of 1984 (herein the "Act"), specifically, the provisions of said Act pertaining to transfers of property between spouses or former spouses.  The parties agree

to sign and cause to be filed any elections or other documents required by the Internal Revenue Service to render the Act applicable to the transfers set forth in this Agreement, without recognition of gain on such transfer and subject to the carry-over basis provisions of said Act.

**15.    *Division of Real Property:*** HUSBAND shall retain possession and ownership of the marital residence, located at 845 Russell Drive, Annville, Pennsylvania, and shall HUSBAND shall, within ninety (90) days of execution of this Agreement, pay to WIFE the sum of $31,000.00, which represents WIFE'S equity interest in the marital residence.

**17.    *Alimony:*** HUSBAND agrees to pay to WIFE the sum of $500.00 per month in alimony for a period of time which commences upon execution of this Agreement and which ends on the earlier of WIFE'S death or the date upon which HUSBAND has paid eighty-four (84) monthly payments to WIFE, provided, however, that if WIFE abandons custody of Steven Kenneth Krause, or voluntarily relinquishes custody of Steven, other than to Steven's natural parents, WIFE'S alimony shall be reduced to the sum of $400.00 per month. HUSBAND agrees that in lieu of additional alimony, the sum of $15,000.00 shall be added to the portion of HUSBAND'S defined contribution plan (Retirement Income Plan) allocated to WIFE in Paragraph 11 of this Agreement, and shall be included in the Qualified Domestic Relations Order referenced in Paragraph 11.

**18.    *Income Tax Deduction:*** HUSBAND and WIFE agree that HUSBAND shall be entitled to claim his grandson, STEVEN KENNETH KRAUSE as a deduction for the purposes of state and federal income taxes until such time as STEVEN is no longer eligible for dependent status under state or federal income tax laws.

**19.    *Waiver of Legal Fees:*** Each party hereby waives and agrees not to claim or demand any form of counsel fees or expenses from the other party.

**20.**    ***Disclosure and Waiver of Procedural Rights:***  Each party understands that he or she has the right to obtain from the other party a complete inventory or list of all of the property that either or both parties own at this time or owns as of the date of separation, and that each party has the right to have all such property valued by means of appraisals or otherwise.  Both parties understand that they have the right to have Court hold hearings and make decisions on the matters covered by this Agreement.  Both parties understand that a Court decision concerning the parties' respective rights and obligations might be different from the provisions of this Agreement.

Both parties waive the following procedural rights:

a.    The right to obtain an Inventory and Appraisement of all marital and separate property as defined by the Pennsylvania Divorce Code;

b.    The right to obtain an Income and Expense Statement of the other party as provided by the Pennsylvania Divorce Code;

c.    The right to have the Court determine which property is marital and which is non-marital and equitably distribute between the parties that property which the Court determines to be marital;

d.    The right to have the Court decide any other rights, remedies, privileges, or obligations covered by this Agreement, including, but not limited to possible claims for divorce, spousal support, alimony, alimony pendente lite, counsel fees, costs and expenses.

**21.**    ***Waiver or Modification to be in Writing:***  No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties and no waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent default whether of the same or similar nature.

22. **_Mutual Cooperation:_** Each party shall, at any time and from time to time hereafter, take any and all steps and execute, acknowledge and deliver to the other party any and all further instruments and/or documents that the other party may reasonably require for the purpose of giving full force and effect to the provisions of this Agreement.

23. **_Applicable Law:_** This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania which are in effect as of the date of execution of this Agreement.

24. **_Agreement Binding on Heirs:_** This Agreement shall be binding and shall inure to the benefits of the parties hereto and their respective heirs, executors, administrators, successors and assigns.

25. **_Integration:_** This Agreement constitutes the entire understanding of the parties and supersedes any and all prior agreements and negotiations between them. There are no representations or warranties other than those expressly set forth herein.

26. **_Other Documentation:_** HUSBAND and WIFE covenant and agree that they will forthwith execute any and all written instruments, assignments, releases, satisfactions, deeds, notes, or such other writings as may be necessary or desirable for the proper effectuation of this Agreement.

27. **_No Waiver on Default:_** This Agreement shall remain in full force and effect unless and until terminated under and pursuant to the terms of this Agreement. The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall in no way affect the right of such party hereafter to enforce the same, nor shall the waiver of any default or breach of any provisions hereof be construed as a waiver of any subsequent default or breach of the same or similar nature, nor shall it be construed as a waiver of strict performance of any other obligations herein.

28. **_Severability:_** If any term, condition, clause or provision of this Agreement shall be

determined or declared to be void or invalid in law or otherwise, then only that term, condition, clause or provisions shall be stricken from this Agreement and in all other respects this Agreement shall be valid and continue in full force, effect and operation. Likewise, the failure of any party to meet his or her obligation under any one or more of the paragraphs herein, with the exception of the satisfaction of the conditions precedent, shall in no way avoid or alter the remaining obligations of the parties.

29. **Breach:** If either party breaches any provision of this Agreement, the other party shall have the right, at his or her election, to sue for damages for breach. The party breaching this Agreement shall be responsible for the payment of legal fees and costs incurred by the other in enforcing his or her rights under this Agreement, or seeking such other remedy or relief as may be available to him or her. The parties agree that they may enforce this Agreement in accordance with the provisions as set forth in the Divorce Code of 1980, as amended.

30. **Full Disclosure:** HUSBAND and WIFE each represent and warrant to the other that he or she has made a full and complete disclosure to the other of all of their assets and income to the other. Although values for assets fluctuate and appraisals of the value of real estate and other assets are subject to differences of opinion, each acknowledges that they have clearly and completely disclosed to each other their assets and their liabilities.

31. **Waiver of Claims Against Estates:** Except as otherwise provided herein, each party may dispose of his or her property in any way, and each party hereby waives and relinquishes any and all rights he or she may now have or hereafter acquire, under the present or future laws of any jurisdiction, to share in the property or the estate of the other as a result of the marital relationship, including, without limitation, dower, curtesy, statutory allowance, widow's allowance, right to take

in intestacy, right to take against the Will of the other, and right to act as administrator or executor of the other's estate, and each will, to the request of the other, execute, acknowledge and deliver any and all instruments which may be necessary or advisable to carry into effect this mutual waiver and relinquishment of all such interests, rights and claims.

33.    *Death During Period of Separation:*   In the event the parties are residing separate and apart at the time of either party's death, it shall be deemed that the parties are divorced.  In this event, the surviving party shall receive only that property described in this Agreement which he or she would have received under this divorce/separation provisions.

34.    *Voluntary Execution:*   The provisions of this Agreement are fully understood by both parties and each party acknowledges that this Agreement is fair and equitable, that it is being entered into voluntarily and that it is not the result of any duress or undue influence.

35.    *Entire Agreement:*   This Agreement contains the entire understanding of the parties and there are no representations, warranties, covenants or undertakings other than those expressly set forth herein.

36.    *Prior Agreement:*   It is understood and agreed that any and all property settlement agreements which may or have been executed prior to the date and time of this Agreement are null and void and of no effect.

37.    *Independent Separate Covenants:*   It is specifically understood and agreed by and between the parties hereto that each paragraph hereof shall be deemed to be a separate and independent covenant and Agreement.

38.    *Void Clauses:*   If any term, condition, clause or provision of this Agreement shall be determined or declared to be void or invalid in law or otherwise, then only that term, condition, clause

or provision shall be stricken from this Agreement and in all other respects this Agreement shall be valid and continue in full force, effect and operation.

**39.    *Entry as Part of Decree:*** It is the intention of the parties that this Agreement shall survive any action for divorce which may be instituted or prosecuted by either party and no order, judgment or decree of divorce, temporary, final or permanent, shall affect or modify the financial terms of this Agreement. This Agreement shall be incorporated, but not merged, into any final Decree in Divorce.

**40.    *Waiver of Rights Under Divorce Code of Other Jurisdictions:*** In the event that any action for annulment, divorce, dissolution of marriage, separate maintenance, support or similar actions shall be instituted by either of the parties in a jurisdiction other than Pennsylvania, the parties further agree that each of them does hereby waive any and all rights that the laws of that jurisdiction shall grant to them, whether such jurisdiction is a state which permits equitable distribution of marital property or not, whether such state recognizes the concept of community property, or whether or not the laws of any such state are similar or dissimilar to the laws of the Commonwealth of Pennsylvania. In the event that the law of such other jurisdiction holds invalid any waiver of spousal support, then that party obtaining spousal support agrees to indemnify and hold harmless the other party dollar for dollar for any amount that must be paid as spousal support, alimony pendente lite, permanent alimony or the like.

**41.    *Headings Not Part of Agreement:*** Any heading preceding the text of the several paragraphs and subparagraphs hereof are inserted solely for convenience of reference and shall not constitute a part of this Agreement nor shall they affect its meaning, construction, or effect.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have

hereunto set their hands and seals the day and year first written above.

WITNESS:

_____          _____
                                          **MAUREEN KRAUSE**


_____          _____
                                          **GERALD K. KRAUSE, SR.**

COMMONWEALTH OF PENNSYLVANIA          )
                                      )          ss:
COUNTY OF  LEBANON                    )

On this, the 2ND day of March , 1999, before me, a Notary

Public, personally appeared Maureen L. Krause known to me to be the person whose name is

subscribed to the within Property Settlement Agreement and acknowledged that she executed the

same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Lisa M. Hylton
Notary Public

NOTARIAL SEAL
LISA M. HYLTON, NOTARY PUBLIC
Lebanon, Lebanon County
My Commission Expires July 8, 1999

COMMONWEALTH OF PENNSYLVANIA          )
                                      )          ss:
COUNTY OF  Dauphin                    )

On this, the 4th day of March , 1999, before me, a Notary

Public, personally appeared Gerald K. Krause, Sr.., known to me to be the person whose name is

subscribed to the within Property Settlement Agreement and acknowledged that he executed the same

for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Linda Witmer
Notary Public

NOTARIAL SEAL
LINDA WITMER, Notary Public
Harrisburg, Dauphin County, PA
My Commission Expires: 03-20-2000

|     |                                           |            |
|-----|-------------------------------------------|------------|
| 5.  | Life insurance                            | 4,827.85   |
| 6.  | Yellow Freight Central Pennsylvania Teamsters Defined Benefit Plan | 16,571.00 |
| 7.  | Central Pennsylvania Teamster's Retirement Income Plan (marital portion only) | 55,142.77 |
| 8.  | Teamster's Credit Union Savings           | 608.00     |
| 9.  | Lebanon Valley National Bank - checking account | 1,037.00 |
| 10. | Lebanon Valley National Bank - savings account | 1,500.00 |
| 11. | Personal property                         | 1,210.00   |

**TOTAL: $  151,662.52**


**C.  NON-MARITAL ASSETS IN PLAINTIFF'S POSSESSION  VALUE**

|     |                     |                    |
|-----|---------------------|--------------------|
| 1.  | 1990 Chevy Cavalier | 0.00 non-marital   |


**D.  NON-MARITAL ASSETS IN DEFENDANT'S POSSESSION  VALUE**

|     |                  |                    |
|-----|------------------|--------------------|
| 1.  | 1992 Oldsmobile  | 0.00               |
|     | previously accounted for by trade-in of other vehicle | |


**E.  MARITAL LIABILITIES                           VALUE**

|     |                      |            |
|-----|----------------------|------------|
| 1.  | Choice Visa          | 960.70     |
| 2.  | Ford Citibank Visa   | 1,193.76   |
| 3.  | Sears (wife)         | 2,666.84   |
| 4.  | Sears (husband)      | 3,512.85   |
| 5.  | Norwest              | 2,945.63   |
| 6.  | Hechingers           | 793.56     |
| 7.  | Silo                 | 704.42     |
| 8.  | Household Bank Visa  | 2,255.32   |
| 9.  | Meridian Mastercard  | 2,511.68   |
| 10. | LVNB Visa            | 2,004.18   |
| 11. | QVC                  | 176.48     |
| 12. | Mellon Mastercard    | 5,600.50   |

**TOTAL: $  25,325.92**

**EXHIBIT A**

MAUREEN L. KRAUSE,  : IN THE COURT OF COMMON PLEAS
          PLAINTIFF  : LEBANON COUNTY, PENNSYLVANIA
                    : CIVIL ACTION - FAMILY DIVISION
  VS.  :
                    : NO. 94-20522
GERALD K. KRAUSE, SR.,  :
          DEFENDANT  : IN DIVORCE

### DECREE IN DIVORCE

      AND NOW, to wit, this _16th_ day of _march_ , 1999, it is ORDERED AND DECREED that Maureen L. Krause, Plantiff, and Gerald K. Krause, Sr., Defendant, are divorced from the bonds of matrimony.

      It is further ORDERED that the Property Settlement Agreement, attached hereto and marked Exhibit "A", shall be incorporated, but not merged in this Decree.

      The court retains jurisdiction of any claims raised by the parties to this action for which a final order has not yet been entered.

      Any existing spousal support order shall hereafter be deemed an order for alimony pendente lite if any economic claims remain pending.

                    BY THE COURT:

                    /s/ ROBERT J. EBY, P.J.

                    _____ J.

                    PURSUANT TO RULE 236
                    You are hereby notified
                    that this order has been
                    entered in this case.

EXHIBIT
"B"

12.   Identify the date, as closely as possible, when you learned that Mr. Krause would no longer be Union President, and would be returning to his former work as a truck driver.

November 1998 - last union election - Mr. Krause told Maureen Krause that he lost the election.

January 3, 1999 back to work.

EXHIBIT "C"



LAW OFFICES

# IRA H. WEINSTOCK, P.C.

SUITE 100
800 N. SECOND STREET
HARRISBURG, PENNSYLVANIA 17102

IRA H. WEINSTOCK
WENDY D. BOWIE
JASON M. WEINSTOCK
JOHN B. DOUGHERTY

AREA CODE 717
TELEPHONE: 238-1657

FAX: (717) 238-6691

E-Mail Address:
weinstock@redrose.net

March 1, 1999

Joseph M. Hill, Jr., Esquire
124 South Eighth Street
Lebanon, PA 17042

*RE:    Krause v. Krause*

Dear Attorney Hill:

I have enclosed five copies of the parties' property settlement agreement. Kindly have your client execute the copies and return them to me for my client's signature. Please advise me if you are preparing the remaining documents necessary to finalize the parties' divorce.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

WENDY DULLEA BOWIE

Enclosures
cc:    Gerald K. Krause

EXHIBIT
"D"

LAW OFFICES
JOSEPH M. HILL
JOSEPH M. HILL, JR.

124 SOUTH 8th STREET
LEBANON, PENNSYLVANIA 17042

TELEPHONE: (717) 272-7171
FACSIMILE: (717) 272-0691

March 2, 1999



Wendy Dullea Bowie, Esquire
Law Offices of Ira H. Weinstock, P.C.
800 North Second Street
Suite 100
Harrisburg, PA 17102

　　　**RE: Krause v. Krause**

Dear Attorney Bowie:

　　　Enclosed please find five copies of the duly executed and notarized Property Settlement Agreement, together with my client's Affidavit of Consent and Waiver. The Agreement was executed with the understanding that there is no paragraph 32 with respect thereto.

　　　Since Mr. Krause has not yet signed the documents, I assume you will have him execute them in the very near future and that you will then file the same and move the court for a Decree in Divorce. The divorce complaint was served on August 2, 1994, and I have enclosed a copy of the affidavit of service for your convenience. In addition, my client's social security number is 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. In the event you want me to finalize the divorce, please return all of the documents to me and I will take care of it.

　　　If anything further is needed, please advise.

　　　Thank you for your cooperation.

Very truly yours,

Joseph M. Hill, Jr.

JMHjr/lmh
Enclosures
c: Mrs. Maureen L. Krause (w/o enc.)

EXHIBT
"E"

LAW OFFICES
JOSEPH M. HILL
JOSEPH M. HILL, JR.

124 SOUTH 9th STREET
LEBANON, PENNSYLVANIA 17042

272-
AREA C

## FACSIMILE TRANSMISSION

DATE: 3/12/99

ATTENTION: Wendy Duella Bowie, Esq.

FAX NO.: 228-6091

FROM: Mike Hill, Esq.

FAX NO.: (717) 272-0691

NUMBER OF PAGES INCLUDING COVER PAGE: 2

Please call Lisa at (717) 272-7171 if you have any difficulty receiving this message.

COMMENTS: Re: Krause v. Krause - Enclosed please find a "clocked in" copy of the Decree In Divorce

***** CONFIDENTIALITY NOTE *****

The information and documents accompanying this transmission co
information from Hill & Hill which is confidential and/or legally privileged
information is intended solely for the use of the individual or entity named
transmission sheet. If you are not the designated recipient, you are hereby n
that any disclosure, copying, distribution or taking of any action in reliance
ents of this information is prohibited.

EXHIBIT
"F"

MAUREEN L. KRAUSE,       : IN THE COURT OF COMMON PLEAS
          PLAINTIFF     : LEBANON COUNTY, PENNSYLVANIA
                          : CIVIL ACTION - FAMILY DIVISION

VS.                          :
                          : NO. 94-20522
GERALD K. KRAUSE, SR.,      :
          DEFENDANT   : IN DIVORCE

## DECREE IN DIVORCE

AND NOW, to wit, this _____ day of _____ , 1999, it is
ORDERED AND DECREED that Maureen L. Krause, Plantiff, and Gerald K. Krause,
Sr., Defendant, are divorced from the bonds of matrimony.

It is further ORDERED that the Property Settlement Agreement, attached
hereto and marked Exhibit "A", shall be incorporated, but not merged in this Decree.

The court retains jurisdiction of any claims raised by the parties to this action
for which a final order has not yet been entered.

Any existing spousal support order shall hereafter be deemed an order for
alimony pendente lite if any economic claims remain pending.

BY THE COURT:

_____ J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAUREEN L. KRAUSE,            :
                                        :
                  Plaintiff :
                                          :

              v.                 :    NO. 1:00-CV-1922
                                        :    (Magistrate Judge Smyser)

GERALD K. KRAUSE, SR., dec'd,  :
et al,                              :
                                          :
                Defendants :

## AFFIDAVIT OF BARBARA KRAUSE

COMMONWEALTH OF PENNSYLVANIA   :
                                         :     ss
COUNTY OF DAUPHIN                   :

Before me, the undersigned authority personally appeared Barbara Krause, who, being first duly sworn by me according to law, did depose and state as follows:

1.    I lived with Gerald Krause from 1995 until his death.

2.    I was engaged to Gerald Krause from December of 1998 until our marriage on May 3, 2000.

3.    Gerald Krause and I had planned to be married after his divorce was final.

4.    Gerald Krause's divorce was finalized in March, 1999.

EXHIBIT
"G"

5.    I was present during a phone conversation between Gerald and Maureen Krause in which he told her that her attorney should prepare the Qualified Domestic Relations Order and forward the proposed Order to his attorney for review.

6.    Gerald began experiencing health problem shortly after his divorce was finalized and we postponed our wedding while he sought medical treatment locally.

7.    Gerald visited a number of local physicians between his divorce and our trip to Ohio in December, 1999, in an effort to diagnose his medical problem.

8.    On  December 27, 1999, Gerald Krause was hospitalized at the Ohio State University Hospital, where he underwent a biopsy that revealed that he suffered from pulmonary fibrosis, and learned that he would need to have a double lung transplant.

9.    Gerald Krause was released from the hospital in mid-January, 2000.

10.   Gerald Krause attempted to return to work on April 1, 2000, and worked until April 8, 2000.

11.   On April 9, or 10, 2000, Gerald Krause was hospitalized on an emergency basis at Good Samaritan hospital for shortness of breath, I took Gerald to the hospital.

12.   Gerald called Maureen to inform her of his hospitalization, and I was present during that phone call.

13. On May 1, 2000, Gerald Krause was discharged from Good Samaritan Hospital and several hours later was rushed to Hershey Medical Center as his condition worsened, I called the ambulance and accompanied him to the hospital.

14. That night, Mr. Krause was life-flighted from Hershey Medical Center to Ohio State University Hospital - Main Campus, and I flew to Ohio State Hospital University with him.

15. On May 3, 2000, Gerald and I were married, at the Ohio State University Hospital.

16. On or about July 3, 2000, I spoke with Maureen Krause and she was aware that Gerald was, at that time, on a ventilator and in critical condition.

17. On or about July 4 or 5, 2000, Maureen Krause, and Steven, Mr. Krause's grandson, visited him at the hospital in Ohio, and remained for approximately one week.

18. On August 6, 2000, Gerald Krause died.

19. Each of the averments contained in this Affidavit are based upon my direct personal knowledge of the events in question.

BARBARA KRAUSE

SWORN and Subscribed to
and before me this _29th_
day of August, 2002.

_____
Notary Public

NOTARIAL SEAL
Donna L. Zumbo, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires October 25, 2003

11.    Identify the date upon which you first learned, after your divorce, that Mr.

Krause was ill, or hospitalized, or unable to work for more that one week, and describe

how and from whom you learned this information.

| | |
|---|---|
| 12/6/99 | Maureen Krause had a telephone conversation with Mr. Krause regarding tests and biopsy of lungs in Ohio |
| 12/30/99 | Mr. Krause in Ohio hospital with pneumonia |
| 1/12/00 | Mr. Krause needs transplant |
| 3/3/00 | Mr. Krause went to Maureen Krause's house and told her he was going back to work in April 2000 and he explained the lung transplant procedure |
| 4/15/00 | Mr. Krause was at home and he called Maureen Krause and he said that he would pay the $1500. in alimony (then it was February, March and April 2000 due) from his income tax refund.  He never did. |
| 6/28/00 | Maureen Krause received a telephone call saying if she wanted to see Mr. Krause you'd better hurry.  He was then in the Ohio State University Medical Center where he died. |

EXHIBIT
"H"

MAUREEN L. KRAUSE,                           :     IN THE COURT OF COMMON PLEAS
                                             :     LEBANON COUNTY, PENNSYLVANIA
                                             :     CIVIL ACTION – FAMILY DIVISION
                    Plaintiff/Respondent :
                                             :
        v.                                   :     NO.  94-20522
                                             :
GERALD K. KRAUSE, SR.,                       :
                                             :
                    Defendant/Petitioner :        IN DIVORCE

### ORDER

AND NOW, this __15ᵗʰ__ day of ____May____, 2000, upon consideration of the

foregoing petition, it is hereby ordered that:

(1)     a rule is hereby issued upon the respondent to show cause why the petitioner is not

        entitled to the relief requested;

(2)     the respondent shall file an answer to the petition within __14__ days ~~of this date~~; *After Service.*

(3)     the petition shall be decided under Pa.R.C.P. No. 206.7;

~~(4)     depositions shall be completed within _____ days of this date;~~

~~(5)     argument shall be held on _____, _____ in Courtroom _____~~

        ~~of the County Courthouse; and~~

~~(6)     notice of the entry of this order shall be provided to all parties by the petitioner.~~

EXHIBIT
"I"

BY THE COURT:

/s/ ROBERT J. EBY, P.J.

_____

J.

PURSUANT TO RULE 236
You are hereby notified
that this order has been
entered in this case.

– 2 –

| | | |
|---|---|---|
| MAUREEN L. KRAUSE, | : | IN THE COURT OF COMMON PLEAS |
| | : | LEBANON COUNTY, PENNSYLVANIA |
| | : | CIVIL ACTION – FAMILY DIVISION |
| Plaintiff/Respondent | : | |
| | : | |
| v. | : | NO.  94-20522 |
| | : | |
| GERALD K. KRAUSE, SR., | : | |
| | : | |
| Defendant/Petitioner | : | IN DIVORCE |

## ORDER

AND NOW, this _____ day of _____, 2000, Defendant/Petitioner's

EMERGENCY PETITION FOR SPECIAL RELIEF is hereby granted.  Defendant's obligation to

make monthly alimony payments is hereby temporarily suspended until further Order of this Court,

or until such time as Defendant has returned to gainful employment following surgery at which time

he will recommence payments until the total amount specified by the parties' Property Settlement

Agreement has been paid.

_____

                                                                                                                    J.

MAUREEN L. KRAUSE,                    :     IN THE COURT OF COMMON PLEAS
                                      :     LEBANON COUNTY, PENNSYLVANIA
                                      :     CIVIL ACTION – FAMILY DIVISION
              Plaintiff/Respondent :
                                      :
       v.                             :     NO.  94-20522
                                      :
GERALD K. KRAUSE, SR.,                :
                                      :
              Defendant/Petitioner :        IN DIVORCE

## EMERGENCY PETITION FOR SPECIAL RELIEF

        The Defendant respectfully petitions for entry of a Temporary Order suspending his Alimony

obligation pending further Order of this Court, and in support thereof, avers the following:

1.      Petitioner Gerald K. Krause, Sr. and Respondent Maureen L. Krause were divorced from the

        bonds of matrimony by this Honorable Court on March 16, 1999.  A copy of the Divorce

        Decree is attached hereto as Exhibit A.

2.      As part of the parties' divorce, they entered into an Property Settlement Agreement which

        was incorporated but not merged into the Divorce Decree.  A copy of the Property

        Settlement Agreement is attached hereto as Exhibit B.

3.      Paragraph 17 of the Property Settlement Agreement requires Mr. Krause to pay $500 per

        month in alimony to Maureen K. Krause for a period of eighty-four (84) monthly payments.

4.      Mr. Krause has been diagnosed with pulmonary fibrosis, requires a double lung transplant to

survive, and is currently hospitalized in Ohio in a Medical Intensive Care Unit.

5.    Mr. Krause is currently on a respirator and is unable to breathe on his own.

6.    Mr. Krause is currently on the transplant list, awaiting the availability of donor organs.

7.    Mr. Krause is currently unable to work and has no income.

8.    Mr. Krause is currently unable to pay alimony to Maureen Krause, and will be unable to do so until he receives the transplants and is able to return to work.

9.    Mr. Krause became disabled and unable to work on April 8, 2000 and has been hospitalized on a continuous basis since that date, with the exception of two days during which he was being transferred from Good Samaritan Hospital to Hershey Medical Center and subsequently to Ohio State University East Medical Center where he is awaiting transplant.

10.   Mr. Krause has not been off work for a sufficient time to qualify him for Social Security Disability benefits, or to any disability benefits under his pension plan which would give him a source of income.

11.   The terms of the Property Settlement Agreement do not specifically mandate consecutive monthly payments, but require, in relevant part, that "HUSBAND agrees to pay to WIFE the sum of $500 per month in alimony for a period of time which commences upon the execution of this Agreement and which ends on the earlier of WIFE'S death of the date upon which HUSBAND has paid eighty-four (84) monthly payments to WIFE.

12.   Mr. Krause has not reached normal retirement age under his pension plan and intends to return to work following recovery from the transplant surgery, at which time he is willing to recommence alimony payments to wife until a total of 84 payments have been made.

– 2 –

13.    Recovery from transplant surgery is expected to take several months following the surgery, and the surgery cannot be done until donor organs are available.

WHEREFORE, Gerald K. Krause respectfully requests that this Honorable Court issue an emergency Order suspending his obligation to make alimony payments until such time as he has returned to gainful employment, or until further Order of this Honorable Court.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: (717) 238-1657


By: _____
        WENDY DULLEA BOWIE

## VERIFICATION

I verify that the statements contained in the attached **Emergency Petition for Special Relief** are true and correct to the best of my knowledge, information, and belief. I understand that false statements contained herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.



GERALD K. KRAUSE

Dated: _____ 4-29-2000 _____

LAW OFFICES
JOSEPH M. HILL
JOSEPH M. HILL, JR.

124 SOUTH 8th STREET
LEBANON, PENNSYLVANIA 17042

RECEIVED
MAY 3 0 2000

TELEPHONE: (717) 272-7171
FACSIMILE: (717) 272-0691

May 26, 2000

Wendy Dullea Bowie, Esquire
Law Offices of Ira H. Weinstock, P.C.
800 North Second Street
Suite 100
Harrisburg, PA  17102

**RE:  Krause v. Krause**

Dear Attorney Bowie:

Enclosed is a copy of the Answer to your Emergency Petition For Special Relief, filed today on behalf of my client.

Maureen does indeed understand that Gerry is very ill and apparently needs transplants and she would probably agree to a suspension of the duty to pay until such time as he is medically released to return to his job.  Obviously, if she were to do so, we would not need a hearing.

Therefore, I am requesting medical documentation with respect to Gerry's condition, including his prognosis.  Please forward the same to me at your earliest convenience, and I will discuss it with Maureen to see if we can agree to a suspensionwithout the necessity of a hearing.

Thank you for your cooperation.

Very truly yours,

Joseph M. Hill, Jr.

JMHjr/lmh

Enclosure

c:  Mrs. Maureen L. Krause

EXHIBIT
"J"

MAUREEN L. KRAUSE,        : IN THE COURT OF COMMON PLEAS
    PLAINTIFF/RESPONDENT  : LEBANON COUNTY, PENNSYLVANIA
                          : CIVIL ACTION - FAMILY DIVISION
VS.                         :
                          : NO. 1994-20522
GERALD K. KRAUSE, SR.,     :
    DEFENDANT/PETITIONER  : IN DIVORCE

## ANSWER TO EMERGENCY PETITION FOR SPECIAL RELIEF

AND NOW, comes the Respondent, Maureen L. Krause, by her attorney, Joseph M. Hill, Jr., Esquire, and files the within Answer:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. Although Respondent believes that Petitioner is hospitalized and is awaiting transplants, she is unable to admit this averment since she has not seen any medical documentation concerning Petitioner's condition and if material, proof is demanded.

5. Denied. The answer to paragraph 4 above is incorporated herein as if set forth at length.

6. Denied. The answer to paragraph 4 above is incorporated herein as if set forth at length.

7. Denied. After reasonable investigation, Respondent is without sufficient knowledge to form an opinion as to the truth or falsity of this averment and if material, proof is demanded.

8. Denied. The answer to paragraph 7 above is incorporated herein as if set forth at length.

9. Denied. Petitioner worked until at least April 15, 2000, and the balance of this averment is denied, and the answer to paragraph 4 above is incorporated herein as if set forth at length.

10. This averment contains a conclusion of law to which no further response is required.

11. Denied. This averment is contrary to the Property Settlement Agreement and Decree which are legal documents which speak for themselves.

12. Denied. The answer to paragraph 7 above is incorporated herein as if set forth at length.

13. Denied. The answer to paragraph 4 above is incorporated herein as if set forth at length.

WHEREFORE, Respondent respectfully requests Your Honorable Court to dismiss the Petitioner's Emergency Petition For Special Relief.


Dated: May 25, 2000

_____
Joseph M. Hill, Jr., Esquire
Attorney for Respondent
124 South 8th Street
Lebanon, PA 17042
(717) 272-7171
I.D. #24984

**VERIFICATION**

I verify that the statements made in the foregoing Answer To Emergency Petition For Special Relief are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 5-25-00

Maureen L. Krause

6.    Identify and describe all prior employers for whom you worked including the dates of your employment, your job title, primary duties in that employment, and location of your employer.

See attached

EXHIBIT
"K"

**PHILADELPHIA MIXERS CORPORATION – Palmyra, PA**                1992 – 1996
Multi-million dollar international manufacturer of mixing processes for
environmental, wastewater and chemical facilities.

**Engineering Coordinator** – Provided administrative support to
Vice-President, Engineering, and acted as back-up support for
Design Engineering, Order Processing, Graphic Arts and Technical
Services departments.

.. Served on Job Description and Engineering Leadership task teams
.. Assisted in the reorganization of department files, workflow
   and cross-training
.. Performed standard product design on CAD, with the last 18
   months on all CAD
.. Assisted on the Company newsletter

**ONO TRANSPORT SERVICES – Ono, PA**                1990 – 1991
Parent company of trucking companies, truckstop/service centers,
restaurants and mini-markets

**Executive Secretary/Administrative Assistant to Owner/CEO/President**
.. Editor of monthly newsletter
.. Reorganized and maintained company and personnel files
.. Responsible for artwork and preparation of restaurant daily menu
.. Responsible for daily cash disbursements and reconciliations to
   restaurants and mini-markets, as well as bank desposits for same

**OTHER EXPERIENCE**

**Self-Employed (1985 – 1989)**
Performed secretarial, bookkeeping and word processing services
for various individuals

**Lebanon Valley College (1984 – 1985)**
Executive Secretary to Controller – Coordinated and organized
financial seminars and Board meetings

**Jones, Day, Reavis & Pogue – Columbus, OH (1980 – 1984)**
Acted as Office/Financial Manager for this corporate attorneys'
office, ranked 7 in the United States

MAUREEN L. KRAUSE,      : IN THE COURT OF COMMON PLEAS
     MOVANT/PLAINTIFF    : LEBANON COUNTY, PENNSYLVANIA
                           : CIVIL ACTION - FAMILY DIVISION
VS.                        :
                           : NO. 1994-20522
GERALD K. KRAUSE, SR., deceased  :
     RESPONDENT/DEFENDANT : IN DIVORCE

### ORDER OF COURT

AND NOW, to wit, this _16th_ day of _August_, 2000, upon consideration of the within Motion To Freeze Pension/Retirement Benefits, it is hereby ORDERED AND DECREED as follows:

(1) TO: Central Pennsylvania Teamsters Pension Fund: You are immediately ordered to freeze pension/retirement plans, accounts, funds, or similar assets in the amount of $62,811.57 in the name of Gerald K. Krause, Sr., or in which Gerald K. Krause, Sr. has an interest, and you are also prohibited from cashing in, conveying, transferring or otherwise distributing to anyone any funds, including but not limited to the following:

(a) Central Pennsylvania Teamsters Retirement Income Plan;

(b) Yellow Freight Central Pennsylvania Teamsters Defined Benefit Plan.

This Order shall take effect immediately and shall continue until further Order of Court.

EXHIBIT
"L"

BY THE COURT:

_____ /s/ ROBERT J. EBY, P.J. J.

PURSUANT TO RULE 236
You are hereby notified
that this order has been
entered in this case.

MAUREEN L. KRAUSE,        : IN THE COURT OF COMMON PLEAS
      MOVANT/PLAINTIFF     : LEBANON COUNTY, PENNSYLVANIA
                               : CIVIL ACTION - FAMILY DIVISION

VS.                              :
                               : NO. 1994-20522

GERALD K. KRAUSE, SR., deceased  :
     RESPONDENT/DEFENDANT : IN DIVORCE

## MOTION TO FREEZE PENSION/RETIREMENT BENEFITS

AND NOW, comes Movant, Maureen L. Krause, by her attorney, Joseph M. Hill, Jr., Esquire, and files the within Motion, and in support thereof alleges as follows:

1. Movant is Maureen L. Krause, a sui juris individual residing at 109 Palm City Park, Annville, Pennsylvania 17003.

2. Movant is the former wife of Gerald K. Krause, Sr., late of 845 Russell Drive, Annville, Pennsylvania 17003.

3. The said Gerald K. Krause, Sr. died on August 6, 2000.

4. Movant and the deceased were formerly husband and wife, having been divorced by Decree in Divorce dated March 16, 1999 by The Honorable Robert J. Eby, President Judge, Court of Common Pleas of Lebanon County.

5. The aforementioned Decree in Divorce incorporated a Property Settlement Agreement between the parties dated March 4, 1999, a copy of which Decree in Divorce and Property Settlement Agreement are attached hereto, marked Exhibit "A" and incorporated herein.

6. Paragraph 11 of said Property Settlement Agreement awarded Movant the following sums:

(a)  two-thirds of the marital portion of Husband's defined benefit plan, valued at separation @ $16,571.00, to wit, $11,047.89;

(b)  two-thirds of the marital portion of Husband's defined contribution plan, valued at separation @ $55,142.77, to wit, $36,763.68; and

(c)  two-thirds of any increase in value accrued on each of Husband's pension plans from the date of separation to the date of distribution.

7.  In addition, paragraph 17 of said Property Settlement Agreeement awarded Movant an extra $15,000.00 from Husband's defined contribution plan, in lieu of additional alimony.

8.  Accordingly, pursuant to said Property Settlement Agreement, Movant is entitled to the total sum of $62,811.57, plus two-thirds of any increase in value of each of Husband's pension plans from the date of separation to the date of distribution.

9.  Movant is unsure of the existence of a QDRO.

10.  That shortly prior to his death, the deceased remarried.

11.  That Movant files this Motion in order to protect her economic rights in the Decree in Divorce.

WHEREFORE, Movant respectfully requests Your Honorable Court to grant the following relief:

(a)  issue an Order freezing the sum of $62,811.57 from Husband's pension/retirement plans as described in paragraph 6 above;

(b)  such other relief as Your Honorable Court deems appropriate.

Dated: _8/16/00____

_____
Joseph M. Hill, Jr., Esquire
Attorney for Movant
124 South 8th Street
Lebanon, PA  17042
(77) 272-7171

## VERIFICATION

I verify that the statements made in the foregoing Motion To Freeze Pension/Retirement Benefits are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: _8-16-00_                 _Maureen L. Krause_
                                 Maureen L. Krause

LAW OFFICES
JOSEPH M. HILL
JOSEPH M. HILL, JR.

124 SOUTH 8th STREET
LEBANON, PENNSYLVANIA 17042

TELEPHONE: (717) 272-7171
FACSIMILE: (717) 272-0891

August 16, 2000

Central Pennsylvania Teamsters
 Pension Fund
P.O. Box 15223
Reading, PA  19612-5223

RE:     Gerald K. Krause, Sr.
        SS#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

Gentlemen/Ladies:

Enclosed please find a certified copy of an Order of Court dated August 16, 2000 directing you to immediately freeze pension/retirement plans, accounts, etc. for the above-referenced individual.

Very truly yours,

Joseph M. Hill, Jr.

JMHjr/lmh

Enclosure

EXHIBIT
"M"

08-'  00  12:06    From-CENTRAL PA TEAMSTERS                6103209236          T-781  P.03/04  F-798

MAUREEN L. KRAUSE,                  : IN THE COURT OF COMMON PLEAS
    MOVANT/PLAINTIFF            : LEBANON COUNTY, PENNSYLVANIA
                               : CIVIL ACTION - FAMILY DIVISION

VS.                                :

                               : NO. 1994-20522

GERALD K. KRAUSE, SR., deceased    :
    RESPONDENT/DEFENDANT       : IN DIVORCE

### ORDER OF COURT

AND NOW, to wit, this 16ᵗʰ day of ___August___, 2000, upon consideration of the within Motion To Freeze Pension/Retirement Benefits, it is hereby ORDERED AND DECREED as follows:

(1) TO: Central Pennsylvania Teamsters Pension Fund: You are immediately ordered to freeze pension/retirement plans, accounts, funds, or similar assets in the amount of $62,811.57 in the name of Gerald K. Krause, Sr., or in which Gerald K. Krause, Sr. has an interest; and you are also prohibited from cashing in, conveying, transferring or otherwise distributing to anyone any funds, including but not limited to the following:

(a) Central Pennsylvania Teamsters Retirement Income Plan;

(b) Yellow Freight Central Pennsylvania Teamsters Defined Benefit Plan.

This Order shall take effect immediately and shall continue until further Order of Court.

BY THE COURT:

/s/ ROBERT J. EBY, P.J.                     J.

PURSUANT TO RULE 236
You are hereby notified
that this order has been
entered in this case.

8/11/2000   CERTIFIED FROM THE RECORD

Anita B Heulman
Prothonotary

By Gabriell Ramsey Deputy



**CLEARY & JOSEM LLP**

ATTORNEYS AND COUNSELLORS AT LAW

SUITE 300

1420 WALNUT STREET

PHILADELPHIA, PENNSYLVANIA 19102-4097

———

(215) 735-9099

FAX (215) 985-1666

JOSEPH T. CLEARY*

WILLIAM T. JOSEM*

MARILYN T. JAMAIN

REGINA C. HERTZIG⁺

JEREMY E. MEYER⁺

\* ALSO ADMITTED IN NEW YORK AND NEW JERSEY

⁺ ALSO ADMITTED IN NEW JERSEY

SEP 14 2000

NEW JERSEY OFFICE

450 TILTON ROAD, SUITE 220

NORTHFIELD, NEW JERSEY 08225

(609) 407-0222

FAX (609) 484-0897

September 12, 2000

Joseph M. Hill, Jr.
124 South 8th Street
Lebanon, Pennsylvania 17042

Re:     Central Pennsylvania Teamsters Pension Fund
        <u>Krause v. Krause</u>, Order to Freeze Retirement Account

        <u>Participant</u>: Gerald K. Krause, Sr., SS# 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

Dear Mr. Hill:

        This firm represents the Central Pennsylvania Teamsters Pension Fund (the "Fund"). The Fund recently received a Order directing the Fund to freeze assets equal to $62,811.57 from the pension account of Gerald K. Krause, Sr. This is to advise you that the Fund cannot comply with the order.

        Under Section 414(p) of the Internal Revenue Code of 1986, as amended ("IRC"), 26 U.S.C. §414(p) and Section 206(d) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1056(d) the Fund is generally required to provide the benefits required under the Plan documents and is prohibited from assigning or alienating the participants benefits, except, among other limited circumstances, pursuant to a Qualified Domestic Relations Order ("QDRO"). A domestic relations order is "qualified" only if it satisfies certain legal requirements as set forth in the above sections of IRC and ERISA. These requirements are set forth in the Central Pennsylvania Teamsters Pension Fund Domestic Relations Order Procedure, a copy of which is enclosed for your review.

        The order submitted does not qualify as a QDRO because:

        (1) it does not assign a right of payment of Plan benefits to the "alternate payee". An "alternate payee" is the spouse, former spouse, child, or other dependant of a participant.

        (2)  it does not include the address of the Participant (Gerald K. Krause, Sr.),

        (3) it does not name and provide the mailing address of the alternate payee(s),

**EXHIBIT "N"**

Joseph M. Hill, Jr.
September 12, 2000
Page 2

     If you would like to submit a domestic relations order (either proposed or executed) that complies with the above requirements, please send it to: Richard R. Weiler, Pension Benefits Manager, Central Pennsylvania Teamsters Pension Fund, P.O. Box 15223, Reading, PA 19612-5223. For your convenience, we have enclosed copies of the fund's Model Domestic Relations Orders. If you have any questions, please call.

                            Very truly yours,

                            Jeremy E. Meyer

Enclosures

cc:    Wendy D. Bowie, Esquire
       Joseph J. Samolewicz, Administrator
       Richard Weiler, Pension Benefits Manager

LAW OFFICES
JOSEPH M. HILL
JOSEPH M. HILL, JR.

124 SOUTH 8th STREET
LEBANON, PENNSYLVANIA 17042

RECEIVED
SEP 2 0 2000

TELEPHONE: (717) 272-717~
FACSIMILE: (717) 272-0891

September 18, 2000

Mr. Richard R. Weiler
Pension Benefits Manager
Central Pennsylvania Teamsters Pension Fund
PO Box 15223
Reading, PA  19612-5223

> RE:     Central Pennsylvania Teamsters Pension Fund
>          Participant:  Gerald K. Krause, Sr., SS#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

Dear Mr. Weiler:

Enclosed please find a copy of a proposed QDRO submitted for your approval.

If anything further is needed, please do not hesitate to contact me.

Thank you for your cooperation.

Very truly yours,

Joseph M. Hill, Jr.

JMHjr/lmh

Enclosure

C:     Wendy Dullea Bowie, Esquire (w/enc.)
        Mrs. Maureen L. Krause (w/enc.)

EXHIBIT
"O"

IN THE COURT OF COMMON PLEAS

OF LEBANON COUNTY, PENNSYLVANIA

FAMILY DIVISION

MAUREEN L. KRAUSE                         No. 94-20522

    v.                                 In Divorce

GERALD K. KRAUSE, SR.

**QUALIFIED DOMESTIC RELATIONS ORDER**

AND NOW, this      day of          , 2000 , based on the findings set forth below in items one through five, IT IS ORDERED, ADJUDGED AND DECREED as set forth below:

1.  PARTIES - The parties hereto were husband and wife, and a divorce action is in this Court at the above number, and this Court has personal jurisdiction over the parties, the subject of this Order and this dissolution of marriage action pursuant to the domestic relations laws of this State.  The parties were married on February 25, 1984.

2.  PARTICIPANT - Gerald K. Krause, Sr.
Date of birth October 9, 1954
Social Security Number 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
hereinafter referred to as "Participant", is a member of the Central Pennsylvania Teamsters Retirement Income Plan (Hereafter referred to as the "Plan")

1

3.   PARTICIPANT ADDRESS - The current and last known mailing address of Participant is 845 Russell Drive, Annville, Pennsylvania 17003.

4.   ALTERNATE PAYEE - Maureen L. Krause

Date of birth July 14, 1943

Social Security Number 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

hereinafter referred to as "Alternate Payee" is the spouse or former spouse of the Participant. The Alternate Payee has not at any time been a participant in the Plan but has an interest in the Participant's benefits under the domestic relations laws of this State.

5.   ALTERNATE PAYEE ADDRESS - The current and last known mailing address of Alternate Payee is 109 Palm City Park, Annville, Pennsylvania 17003.

6.   PLAN - The Plan to which this Order applies is the plan named in item 2 hereof or any amended or successor plan thereto.

7.   LAW - A portion of the Participant's account in the Plan is marital property subject to distribution by this Court under State domestic relations law for the jurisdiction in which this Order is issued and under which the above-named Participant and Alternate Payee are covered.  This Order creates and recognizes as

to the Plan the existence of the Alternate Payee's right, subject to the provisions of this Order, to a share of benefits otherwise payable to the Participant under the Plan, in the amount and form as set forth herein.

8. VALUATION - On a date (hereinafter referred to as the "account assignment date") that falls an soon as practicable following timely approval of this Order by the Plan as a qualified domestic relations order under Section 414(p) of the Code and that is selected by the Plan as a feasible date on which to effect the assignment, the following portion of Participant's account balance in the Plan shall be assigned and transferred to the exclusive benefit of Alternate Payee: an amount equal to the sum of (i) 66.67% of the Participant's account balance as of May 7, 1995 minus 66.67% of the Participant's account balance as of February 25, 1984, plus (or minus) (ii) the investment earnings credited (or investment losses debited) to item (i) from the first regular valuation date under the Plan that falls on or after May 7, 1995, (hereinafter referred to as the "earnings crediting date") until the account assignment date, plus (iii) $15,000.00 (the total assigned amount hereinafter referred to as the "assigned account balance").  In order to effect this assignment to Alternate Payee, that part of the Participant's account balance as of the account assignment date that is invested in each investment fund (other than the participant loan fund) made

3

available under the Plan and selected by Participant as one of the Participant's investment options shall be assigned and transferred to Alternate Payee in an amount determined by applying to that part the percentage that is equal to a fraction, the numerator of which is the assigned account balance and the denominator of which is the Participant's entire account balance (calculated without regard to the participant loan fund) as of the account assignment date. For plan accounting and federal, state, and local income tax purposes, a portion of the pre-tax salary reduction employee contributions, post-tax payroll deduction employee contributions and employer contributions that are credited to Participant shall be assigned and transfered to Alternate Payee as part of the assigned account balance, the assigned portion of each type of such contributions to be the amount of each type of contribution determined as of the earnings crediting date and multiplied by a fraction, the numerator of which is item (i) and the denominator of which is the Participant's entire account balance as of the earnings crediting date. At all times on and after the account assignment date, Alternate Payee shall have no interest whatsoever in the portion of the Participant's account balance that is not assigned and transferred to Alternate Payee pursuant to this Order, and Participant shall have no interest whatsoever in the assigned account balance.

4

9. INVESTMENT - In the event that the payment of all or any portion of the Alternate Payee's benefits under the Plan is to be 1delayed, the Alternate Payee shall be permitted to direct the investment of Alternate Payee's interest in the Plan. To the extent that the Alternate Payee directs investment of interest in the Plan under this item, the income or loss on such interest shall be determined on a segregated basis in the account of the Alternate Payee.  Until the appropriate forms are executed by the Alternate Payee designating investment instructions, the Alternate Payee's account shall be invested in proportion to the investments in the Participant's total account at the time of segregation.

10. DEATH OF ALTERNATE PAYEE - In the event that the Alternate Payee dies before the entire interest of the Alternate Payee in the Plan has been paid, the Trustee shall distribute the remaining interest in the Plan, determined as set forth in this Order, as soon as practicable to the Alternate Payee's named beneficiary or estate, or heirs and assigns.

11.  DISTRIBUTION - The benefits shall be payable as a distribution to the Alternate Payee upon request (or, if not then living, to the heirs or assigns) on the earliest practicable date, not in contradiction of the Plan or law or regulations, of the following, but not before this Order has been found to be a Qualified Domestic Relations Order by the Plan and written request has been made as may be required by the Plan on  forms,  if any,

5

prescribed by the Plan:

(a) as soon as administratively practical after receipt and approval of this Order by the Plan Administrator; (b) the approval of this Order as a Qualified Domestic Relations Order by the Plan Administrator as if the Participant had retired on such date even if the Participant has not actually retired or separated from service;

(c) the date on which the Participant attains Normal Retirement Age, as if the Participant had retired on that date even if the Participant has not actually retired or separated from service;

(d) the date the Participant actually retires or otherwise separates from service for whatever reason;

(e) the date of death of the Participant;

(f) the date the Participant reaches age 50;

(g) the date the Participant reaches earliest retirement age under the Plan;

(h) the date the Participant enters pay status for whatever reason. If Participant has already reached the earliest retirement age under the Plan then payment shall be made to the Alternate Payee as soon as administratively available following the determination that this Order is qualified and the receipt of a request for payment by the Alternate Payee. Payout may be made before the Participant terminates employment if not in contradiction of the Plan or law or regulations, but not before

6

this Order is found to be qualified.

12.  FORM - The form of said payment is a lump sum distribution.  In accord with the Plan's normal administrative procedures the Alternate Payee may request that the distribution be in the form of a full or partial transfer to the administrator, trustee or custodian of the Alternate Payee's Individual Retirement Account (IRA).  Upon notification from the Plan to the Alternate Payee of the approval of this Order, the Alternate Payee shall inform the Plan of the IRA transfer details if that is to be done.  In the event of the death of the Alternate Payee, any death benefit available under the Plan based on the award in this Order shall be payable to the named beneficiary, estate, or heirs and assigns.

13.  RIGHTS - The Alternate Payee shall have the same account investment direction rights with regard to Alternate Payee's portion of the Plan as are available to the Participant with regard to the remaining account portion of the Plan.  In no event shall the Alternate Payee have greater rights than those which are available to the Participant.  The Alternate Payee is not entitled to any benefit not otherwise provided under the Plan or by this Order. The Plan shall issue individual tax forms to each such recipient for amounts paid to each such person. The Alternate Payee is only entitled to the specific benefits under the Plan as

7

provided for in this Order.  All other rights, privileges and
options under the Plan not granted to Alternate Payee are
preserved for the Participant.  Each is responsible for individual
tax reporting.

14.  ADDRESSES - The parties agree to promptly notify the
Plan Administrator of any change in their addresses from those set
forth in this Order.

15.  STATUS - The parties agree to promptly submit this Order
to the Plan Administrator for determination of its status as a
Qualified Domestic Relations Order.

16.  ORDER - It is the knowledge and information of the Court
that neither it nor the Participant and Alternate Payee are aware
of any other orders which purport to dispose of the benefits
described herein.  No provision in this Order shall be construed
to require the Plan to

(a) make any payment or take any action which is inconsistent
with any federal or state law, rule, regulation or applicable
judicial decision;

(b) provide any type or form of benefit, or any option, which
is not otherwise provided under the Plan and specifically
authorized by this Order;

(c) provide increased benefits, determined on the basis of

actuarial value; or

(d) pay benefits to any Alternate Payee which are required to be paid to another Alternate Payee under another order previously determined to be a qualified domestic relations order. Notwithstanding any other provision of this Order, in the event that the Participant, Alternate Payee or any other party claiming rights under this Order shall make any claim which the Plan shall determine to be inconsistent with the provisions of this Order or with any provision of law, rule or applicable judicial decision, the Plan may cease making any further payments to any person whose rights under the Plan, in the sole judgment of the Plan, may be affected by such claim pending resolution of such claim or further order of the Court, and the Plan may also take such further action or actions as may be permitted by law with respect to such claim and/or this Order. No provision in this Order shall be construed to require the Plan, the Plan Administrator, or any trustee or other fiduciary with respect to the Plan to take any action which is inconsistent with any provision of the Plan as now in effect or hereafter amended.

17. NOTIFICATION - The Plan shall notify each of the parties hereto and their legal representatives when either party makes application for any benefit payments or withdrawals from the Plan, but such notice requirement shall lapse after the Alternate Payee's account is established.

9

18.   DESIGNATION - The parties designate the following attorneys as representatives for receipt of copies of notices pertaining to this Order:

- for Participant - Wendy Dullea Bowie, Esq.,

   Ira H. Weinstock, P.C., 800 North Second Street, Suite 100, Harrisburg, Pennsylvania 19401

- for Alternate Payee - Joseph M. Hill, Jr.

   124 South Street, Lebanon, Pennsylvania 17042.


19.   JURISDICTION - It is intended that this Order shall qualify as a Qualified Domestic Relations Order under the Retirement Equity Act of 1984, P.L. 98-397 in accordance with Section 414(p) of the Internal Revenue Code of 1986 as amended and the appropriately applicable provisions of the Employee Retirement Income Security Act of 1974 as amended and the Pennsylvania Divorce Code of 1980, and its provisions shall be administered and interpreted in conformity with such provisions.  If any provision of this Order is inapplicable it shall be ignored and it shall not affect the validity of other provisions or of the Order itself. The Court retains jurisdiction to amend this Order as might be necessary to establish or maintain its status.

10

I hereby acknowledge that I have received the terms and provisions of the within Order, that I assent to the terms and provisions thereof, and agree that the terms and provisions herein shall be entered as an Order of Court

APPROVED

_____          _____

Alternate Payee                  Date


_____          _____

Participant                      Date


                                 BY THE COURT:


                                 _____



# CLEARY & JOSEM LLP

JOSEPH T. CLEARY*

WILLIAM T. JOSEM*

MARILYN T. JAMAIN

REGINA C. HERTZIG†

JEREMY E. MEYER†

· ALSO ADMITTED IN NEW YORK AND NEW JERSEY

* ALSO ADMITTED IN NEW JERSEY

ATTORNEYS AND COUNSELLORS AT LAW

SUITE 300

1420 WALNUT STREET

PHILADELPHIA, PENNSYLVANIA 19102-4097

———

(215) 735-9099

FAX (215) 985-1666

NEW JERSEY OFFICE

450 TILTON ROAD, SUITE 220

NORTHFIELD, NEW JERSEY 08225

(609) 407-0222

FAX (609) 484-0897

September 29, 2000

Wendy Dullea Bowie, Esq.
Ira Weinstock, P.C.
800 North Second Street, Suite 100
Harrisburg, PA 17102

Joseph M. Hill, Jr., Esq.
124 South 8th Street
Lebanon, Pennsylvania 17042

Re:    Central Pennsylvania Teamsters Pension Fund
        <u>Krause v. Krause</u>, Domestic Relations Order

        <u>Participant</u>: Gerald K. Krause, Sr., SS# 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
        <u>Alternate Payee</u> Maureen L. Krause, SS#: 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

Dear Ms. Bowie and Mr. Hill:

    This firm represents the Central Pennsylvania Teamsters Pension Fund ("Fund"). I have reviewed the proposed domestic relations order that you submitted to the Fund on behalf of the above-referenced parties. Enclosed are a copy of the Fund's Domestic Relations Order Procedures which are used to evaluate orders submitted to the Fund. However, I am writing to advise you that the order **cannot** be deemed by the Fund's Trustees a Qualified Domestic Relations Order, as that term is defined in section 414(p) of the Internal Revenue Code of 1986, as amended ("IRC"), and section 206(d) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") because the Participant is currently deceased.

    According to the Fund records, the Participant died on August 6, 2000. Therefore, pursuant to the Plan, the Participant's interest in his account balance has passed to his beneficiaries. The proposed order requires the assignment to the Alternate Payee a portion of the Participant's balance equal to 66.67% of the contributions to the Fund between February 25, 1984 and May 7, 1995, plus investment earnings or losses attributable to that amount, plus $15,000.00. Because the Participant no longer has an interest in the account, there is no interest to assign to the Alternate Payee.

EXHIBIT
"P"

Wendy Dullea Bowie, Esq.
Joseph M. Hill, Jr., Esq.
September 29, 2000
Page 2

If you have any questions please call.

Very truly yours,

Jeremy E. Meyer

Enclosure

cc:    Joseph J. Samolewicz, Administrator
       Richard Weiler, Pension Benefits Manager

MAUREEN L. KRAUSE,     : IN THE COURT OF COMMON PLEAS
          PETITIONER    : LEBANON COUNTY, PENNSYLVANIA
                      : CIVIL ACTION – FAMILY DIVISION
     VS.               :
                      : NO. 1994-20522
GERALD K. KRAUSE, SR., dec'd., :
et al,                 :
          RESPONDENTS  : IN DIVORCE

RECEIVED
OCT 2 7 2000

## ORDER AND RULE

AND NOW, to wit, this 26th day of October, 2000, upon consideration of the

within Petition, a Rule is hereby issued upon Respondents to show cause, if any they

have, why the relief prayed for in the Petition should not be granted.

Rule Returnable   *14 days after Service*

BY THE COURT:

**/s/ ROBERT J. EBY, P.J.**

_____ J.

PURSUANT TO RULE 236
You are hereby notified
that this order has been
entered in this case.

ENTERED & FILED

EXHIBIT
"Q"

MAUREEN L. KRAUSE,       : IN THE COURT OF COMMON PLEAS
         PETITIONER     : LEBANON COUNTY, PENNSYLVANIA
                     : CIVIL ACTION – FAMILY DIVISION
   VS.                    :
                     : NO.  1994-20522
GERALD K. KRAUSE, SR., dec'd., :
et al,                   :
      RESPONDENTS   : IN DIVORCE

## PETITION TO ENFORCE DECREE IN DIVORCE

AND NOW, comes the Petitioner, Maureen L. Krause, by her attorney, Joseph M.

Hill, Jr., Esquire, and files the within Petition and in support thereof, states as follows:

1. Petitioner is Maureen L. Krause, a sui juris individual residing at 109 Palm

City Park, Annville, Pennsylvania  17003.

2. Respondent is the Estate of Gerald K. Krause, Sr. (hereinafter "Decedent"), c/o

Ira H. Weinstock, P.C., Suite 100, 800 North Second Street, Harrisburg, Pennsylvania

17102.

3. Respondent is Barbara Krause (hereinafter "Respondent"), a sui juris

individual who allegedly married decedent in May 2000 and who is believed to be the

beneficiary of Decedent's pension/retirement benefits, c/o Wendy Dullea Bowie, Esquire,

Ira H. Weinstock, P.C., Suite 100, 800 North Second Street, Harrisburg, Pennsylvania

17102.

4. The Decedent died on August 6, 2000.

5. Petitioner and Decedent were formerly husband and wife, having been divorced by Decree in Divorce dated March 16, 1999 by The Honorable Robert J. Eby, President Judge, Court of Common Pleas of Lebanon County.

6. The aforementioned Decree in Divorce incorporated a Property Settlement Agreement between the parties dated March 6, 1999, a copy of which Decree in Divorce and Property Settlement Agreement are attached hereto, marked Exhibit "A" and incorporated herein.

## COUNT I – ENFORCEMENT OF EQUITABLE DISTRIBUTION

7. Paragraphs 1 through 6 are incorporated herein as if set forth at length.

8. Paragraph 11 of said Property Settlement Agreement awarded Petitioner the following sums:

(a) two-thirds of the marital portion of Decedent's defined benefit plan, valued at separation @ $16,571.00, to wit, $11,047.89;

(b) two-thirds of the marital portion of Decedent's defined contribution plan, valued at separation @ $55,142.77, to wit, $36,763.68; and

(c) two-thirds of any increase in value accrued on each of Decedent's pension plans from the date of separation to the date of distribution.

9. In addition, paragraph 17 of said Property Settlement Agreement awarded Petitioner an extra $15,000.00 from Decedent's defined contribution plan, in lieu of additional alimony.

10. Accordingly, pursuant to said Property Settlement Agreement and Decree in Divorce, Petitioner is entitled to the total sum of $62,811.57, plus two-thirds of any increase in value of each of Decedent's pension plans from the date of separation to the date of distribution.

11. Early in 2000, Decedent became seriously ill and was transferred to a hospital in Columbus, Ohio where he awaited a double lung transplant.

12. During that time period, believed to be in May 2000, Decedent allegedly married Barbara Krause.

13. On August 16, 2000, upon Motion of Petitioner, this Honorable Court issued an Order freezing pension/retirement benefits in the name of Decedent, a copy of which Order and Motion are attached hereto, marked Exhibit "B".

14. Thereafter, on or about September 12, 2000, the Central Pennsylvania Teamsters Fund (hereinafter "Teamsters"), by its attorneys, Cleary & Josem LLP, notified Petitioner's counsel that the August 16, 2000 Order would not be complied with by Teamsters, a copy of which correspondence is attached hereto, marked Exhibit "C".

15. Thereafter, on September 18, 2000 Petitioner forwarded a proposed QDRO to the Teamsters, a copy of which proposed QDRO is attached hereto, marked Exhibit "D".

16. Thereafter, in a letter dated September 29, 2000, Teamsters indicated that Exhibit "D" could not be deemed a QDRO and that decedent's pension interest passed to his beneficiaries, a copy of which correspondence is attached hereto, marked Exhibit "E".

17.  That paragraph 24 of said Property Settlement Agreement provides that "this Agreement shall be binding and shall inure to the benefits of the parties hereto and their respective heirs, executors, administrators, succesors and assigns."

18.  That paragraph 26 of said Property Settlement Agreement provides that the parties "will forthwith execute any and all written instruments, assignments, releases, satisfactions, deeds, notes, or such other writings as may be necessary or desirable for the proper effectuation of this Agreement."

WHEREFORE, Petitioner respectfully requests that the Decree in Divorce be enforced and that Your Honorable Court issue an Order directing the following:

(a)  Payment of $62,811.57 from Decedent's retirement benefits/pension plus two-thirds of any increase in value in said retirement benefits/pension from May 5, 1995 to the present.

## COUNT II – ENFORCEMENT OF ALIMONY

19.  Paragraphs 1 through 18 are incorporated herein as if set forth at length.

20.  Paragraph 17 of said Agreement required Decedent to pay to Petitioner the sum of $500.00 per month alimony commencing upon the date of the Agreement, to wit, March 4, 1999, and continuing for eighty-four consecutive months.

21.  That Decedent paid said alimony payments to Petitioner through the month of January 2000.

22. That Decedent failed to make said alimony payments for the months of February, March, April, May, June, July and August 2000.

23. That there is due and owing from Decedent's estate to Petitioner the sum of 3,500.00 ($500.00 x 7 months).


WHEREFORE, Petitioner respectfully requests that the Decree in Divorce be enforced and that Your Honorable Court enter an Order directing the following:

(a) Payment of $3,500.00 from Decedent's estate to Petitioner.


Dated: October 24, 2000

Joseph M. Hill, Jr., Esquire
Attorney for Petitioner
124 South 8th Street
Lebanon, PA 17042
(717) 272-7171
I.D. #24984

## **VERIFICATION**

I verify that the statements made in the foregoing Petition To Enforce Decree In Divorce are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. section 4904 relating to unsworn falsification to authorities.

Dated: 10/24/00

Maureen L. Krause

MAUREEN L. KRAUSE,       : IN THE COURT OF COMMON PLEAS
         PETITIONER     : LEBANON COUNTY, PENNSYLVANIA
                      : CIVIL ACTION – FAMILY DIVISION
   VS.                 :
                      : NO.  1994-20522
GERALD K. KRAUSE, SR., dec'd., :
et al,                   :
         RESPONDENT   : IN DIVORCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this day, provided the Prothonotary's Office

with envelopes, having affixed proper postage thereto, for service by first class mail,

addressed as follows:

             Ira H. Weinstock, P.C.
             Suite 100
             800 North Second Street
             Harrisburg, PA  17102

             Attorney for the Estate of Gerald K. Krause, Sr.

             Wendy Dullea Bowie, Esquire
             Ira H. Weinstock, P.C
             Suite 100
             800 North Second Street
             Harrisburg, PA  17102

             Attorney for Barbara Krause

Dated:  October 25, 2000          _____
                               Joseph M. Hill, Jr., Esquire
                               Attorney for Petitioner
                               124 South 8th Street
                               Lebanon, PA  17042
                               (717) 272-7171
                               ID #24984

MAUREEN L. KRAUSE,      : IN THE COURT OF COMMON PLEAS
          MOVANT      : LEBANON COUNTY, PENNSYLVANIA
                      : CIVIL ACTION – FAMILY DIVISION
    VS.                 :
                      : NO.  1994-20522
GERALD K. KRAUSE, SR., dec'd., :
et al,                  :
        RESPONDENTS  : IN DIVORCE

### ORDER OF COURT

AND NOW, to wit, this _30th_ day of ___October___, 2000, upon

consideration of the within Motion To Freeze Assets, it is hereby ORDERED AND

DECREED as follows:

    1.  TO:  The Executor/Executrix, Administrator/Administratrix and any other who

may be acting in a fiduciary capacity with respect to the Estate of Gerald K. Krause, Sr.:

You are immediately ordered to freeze all assets comprising the Estate of Gerald K.

Krause, Sr. and you are prohibited from cashing in, conveying, redeeming, transferring or

otherwise distributing to anyone any funds or assets comprising the Estate of Gerald K.

Krause, Sr., until further Order of this Court.

    2.  TO:  Barbara Krause:  You are immediately and temporarily enjoined from

withdrawing, transferring, conveying, redeeming, surrendering or in any way disposing

of any assets you have received or might be entitled to receive as an heir of the Estate of

Gerald K. Krause, Sr.  You are further immediately and temporarily enjoined from

withdrawing, transferring, conveying, redeeming, surrendering or in any way disposing

EXHIBIT
"R"

of any pension/retirement benefits you have received or might be entitled to receive as beneficiary of Gerald K. Krause, Sr.'s pension/retirement benefit plans. Consequently, said assets are frozen until further Order of this Court.

3. A hearing on the within Motion To Freeze Assets is scheduled for Thursday, November 2, 2000 at 2:00 p.m. before The Honorable Robert J. Eby, President Judge, Courtroom 1, Lebanon City-County Municipal Building, 400 South 8th Street, Lebanon, Pennsylvania.

This Order shall take effect immediately and shall continue until further Order of Court.

BY THE COURT:

/s/ ROBERT J. EBY, P.J. J.

PURSUANT TO RULE 236
You are hereby notified
that this order has been
entered in this case.

| | |
|---|---|
| MAUREEN L. KRAUSE, | : IN THE COURT OF COMMON PLEAS |
| MOVANT | : LEBANON COUNTY, PENNSYLVANIA |
| | : CIVIL ACTION – FAMILY DIVISION |
| VS. | : |
| | : NO.  1994-20522 |
| GERALD K. KRAUSE, SR., dec'd., | : |
| et al, | : |
| RESPONDENTS | : IN DIVORCE |

## <u>MOTION TO FREEZE ASSETS</u>

AND NOW, comes the Movant, Maureen L. Krause, by her attorney, Joseph M.

Hill, Jr., Esquire, and files the within Motion and in support thereof, states as follows:

1.  Movant is Maureen L. Krause, a sui juris individual residing at 109 Palm City

Park, Annville, Pennsylvania  17003.

2.  Respondent is the Estate of Gerald K. Krause, Sr. (hereinafter "Decedent"), c/o

Ira H. Weinstock, P.C., Suite 100, 800 North Second Street, Harrisburg, Pennsylvania

17102.

3.  Respondent is Barbara Krause (hereinafter "Respondent"), a sui juris

individual, believed to be residing at 845 Russell Drive, Annville, Pennsylvania  17003,

who allegedly married decedent in May 2000 and who is believed to be the beneficiary of

Decedent's pension/retirement benefits, c/o Wendy Dullea Bowie, Esquire, Ira H.

Weinstock, P.C., Suite 100, 800 North Second Street, Harrisburg, Pennsylvania  17102.

4.  The Decedent died on August 6, 2000.

5. Petitioner and Decedent were formerly husband and wife, having been divorced by Decree in Divorce dated March 16, 1999 by The Honorable Robert J. Eby, President Judge, Court of Common Pleas of Lebanon County.

6. The aforementioned Decree in Divorce incorporated a Property Settlement Agreement between the parties dated March 4, 1999.

7. Paragraph 11 of said Property Settlement Agreement awarded Movant the following sums:

(a) two-thirds of the marital portion of Decedent's defined benefit plan, valued at separation @ $16,571.00, to wit, $11,047.89;

(b) two-thirds of the marital portion of Decedent's defined contribution plan, valued at separation @ $55,142.77, to wit, $36,763.68; and

(c) two-thirds of any increase in value accrued on each of Decedent's pension plans from the date of separation to the date of distribution.

8. In addition, paragraph 17 of said Property Settlement Agreement awarded Movant an extra $15,000.00 from Decedent's defined contribution plan, in lieu of additional alimony.

9. Accordingly, pursuant to said Property Settlement Agreement and Decree in Divorce, Movant is entitled to the total sum of $62,811.57, plus two-thirds of any increase in value of each of Decedent's pension plans from the date of separation to the date of distribution.

10. On October 25, 2000 Movant filed a Petition To Enforce Decree In Divorce, and on October 26, 2000 Your Honorable Court issued a Rule upon Respondents, a copy of which Rule and Petition are attached hereto and marked Exhibit "A".

11. That Movant has not received these funds which were decreed to her, and she files this Motion in order to protect her economic rights in the Decree In Divorce.

WHEREFORE, Movant respectfully requests Your Honorable Court to grant the following relief:

(a) issue an Order freezing the assets of the Estate of Gerald K. Krause, Sr.;

(b) issue an Order freezing the assets of Barbara Krause that she received and/or is entitled to receive under the Estate of Gerald K. Krause, Sr.

(c) issue an Order freezing the assets of Barbara Krause that she received and/or is entitled to receive as beneficiary from Decedent's pension/retirement benefits plans.

(d) such other relief as Your Honorable Court deems appropriate.

Dated: October 27, 2000

Joseph M. Hill, Jr., Esquire
Attorney for Movant
124 South 8th Street
Lebanon, PA 17042
(717) 272-7171
I.D. #24984

**<u>VERIFICATION</u>**

I verify that the statements made in the foregoing Motion To Freeze Assets are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. section 4904 relating to unsworn falsification to authorities.

Dated: 10/27/00

Maureen L. Krause
Maureen L. Krause

| | |
|---|---|
| MAUREEN L. KRAUSE,<br>PETITIONER | : IN THE COURT OF COMMON PLEAS<br>: LEBANON COUNTY, PENNSYLVANIA<br>: CIVIL ACTION – FAMILY DIVISION |
| VS. | :<br>: NO. 1994-20522 |
| GERALD K. KRAUSE, SR., dec'd, :<br>et al, | : |
| RESPONDENT | : IN DIVORCE |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this day, provided the Prothonotary's Office

with envelopes, having affixed proper postage thereto, for service of the within document

by first class mail, addressed as follows:

> Ira H. Weinstock, P.C.
> Suite 100
> 800 North Second Street
> Harrisburg, PA 17102
>
> Attorney for the Estate of Gerald K. Krause, Sr.
>
> Wendy Dullea Bowie, Esquire
> Ira H. Weinstock, P.C
> Suite 100
> 800 North Second Street
> Harrisburg, PA 17102
>
> Attorney for Barbara Krause

Dated: October 27, 2000

Joseph M. Hill, Jr., Esquire
Attorney for Movant
124 South 8th Street
Lebanon, PA 17042
(717) 272-7171
ID #24984

## CERTIFICATE OF SERVICE

I, Jeffrey R. Schott, Esquire, hereby certify that on the date stated below I served the attached EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT on the persons named below, at the stated addresses, by first class postage paid United States mail.

Joseph M. Hill, Jr., Esquire
124 South 8th Street
Lebanon, PA  17042

Dated:  September 3, 2002

JEFFREY R. SCHOTT