UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN L. KRAUSE, | : | CIVIL NO. **1:00-CV-1922** |
| Petitioner | : | (Magistrate Judge Smyser) |
| v. | : | |
| THE ESTATE OF GERALD K. KRAUSE, SR., and BARBARA KRAUSE | : | FILED HARRISBURG, PA OCT 24 2002 |
| Respondents | : | MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

**MEMORANDUM AND ORDER**

The question in this case is whether the claims brought by the petitioner in a petition to enforce a divorce decree are completely pre-empted by the civil enforcement provisions of the Employee Retirement Income Security Act (ERISA). We conclude that the claims are not completely pre-empted and that, therefore, this court lacks subject-matter jurisdiction over the claims and the case must be remanded to the Court of Common Pleas of Lebanon County, Pennsylvania.

The petitioner, Maureen L. Krause, commenced this action by filing a "Petition to Enforce Decree in Divorce" in the Court of Common Pleas of Lebanon County, Pennsylvania. The

AO 72A
(Rev. 8/82)

petition names as respondents the Estate of Gerald K. Krause, Sr. and Barbara Krause.

The petitioner alleges the following facts in the petition. Maureen and Gerald Krause were formerly husband and wife. *Petition* at ¶5. They were divorced on March 16, 1999. *Id.* Maureen and Gerald entered into a Property Settlement Agreement (PSA) which was incorporated into their divorce decree. *Id.* at ¶6.

Paragraph 11 of the PSA provided that Maureen shall receive two-thirds of the marital portion of Gerald's defined benefit plan and defined contribution plan plus two-thirds of any increase in the value accrued on the marital portion from the date of separation until the date of distribution. Paragraph 11 of the PSA further provided that Maureen and Gerald agree to the entry of one or more Qualified Domestic Relations Orders (QDROs) to effectuate the terms of the PSA, that they agree to execute any and all documents necessary to effectuate the entry of and approval of the QDROs, and that upon the entry of a divorce decree the necessary QDROs shall be prepared and submitted to the court for signature by a judge.

Paragraph 17 of the PSA provides that Gerald shall pay to Maureen the sum of $500.00 per month in alimony until the earlier of Maureen's death or the payment of eighty-four monthly payments. Paragraph 17 of the PSA further provides that in lieu of additional alimony the sum of $15,000.00 shall be added to the portion of Gerald's defined contribution plan allocated to Maureen under Paragraph 11 of the PSA and shall be included in the QDRO referenced in Paragraph 11.

Early in 2000, Gerald became seriously ill. *Petition* at ¶11. In May of 2000, Gerald married Barbara Krause. *Id.* at ¶12. Gerald died on August 6, 2000. *Id.* at ¶4.

On August 16, 2002, based on a motion submitted by the petitioner, the Court of Common Pleas of Lebanon County issued an order directing the Central Pennsylvania Teamsters Pension Fund (Teamsters Fund) to freeze the pension/retirement funds or similar assets in the amount of $62,811.57 in the name of Gerald Krause, Sr. and prohibiting the Fund from transferring or distributing the funds to anyone. *Petition* at Exhibit B. By a letter dated September 12, 2000 the Teamsters Fund notified the petitioner's counsel that the Fund can not comply with the order because under ERISA the Fund is required to provide the

3

benefits per the plan documents, that the benefits may not be alienated or assigned except under limited circumstances including a QDRO, and that the August 16, 2002 Order does not qualify as a QDRO. *Petition* at Exhibit C.

On September 18, 2000, petitioner's counsel submitted a proposed unsigned QDRO to the Teamsters Fund. *Petition* at Exhibit D. By a letter dated September 29, 2000, the Teamsters Fund informed counsel for both the petitioner and the respondents that the proposed QDRO can not be deemed a QDRO as defined by ERISA because Gerald Krause is deceased. *Petition* at Exhibit E. The letter explained that upon his death, Gerald's interest in the fund account passed to his beneficiaries and Gerald no longer has an interest in the account which can be assigned to an alternate payee pursuant to a QDRO. *Id*.

The petition to enforce the divorce decree contains two counts. In Count I, the petitioner requests an order directing "[p]ayment of $62,811.57 from Decedent's retirement benefits/pension plus two-thirds of any increase in value in said retirement benefits/pension from May 5, 1995 to the present." In Count II, the petitioner requests an order

4

directing the payment of seven months of alimony payments in the total sum of $3,500.00 from Gerald's estate.

On October 30, 2000, upon motion by the petitioner, the Court of Common Pleas of Lebanon County issued an order directing that the assets of Gerald's estate be frozen and enjoining Barbara Krause from "withdrawing, transferring, conveying, redeeming, surrendering or in any way disposing of" any assets she received or might be entitled to receive as an heir to Gerald's estate or any pension/retirement benefits she received or might be entitled to receive as a beneficiary of Gerald's pension/retirement benefit plans. *Notice of Removal* at Exhibit B.

On November 1, 2000, the respondents removed the action to this court.

The parties have consented to proceed before a magistrate judge and by an Order dated November 14, 2001, the case was referred to the undersigned. A non-jury trial is scheduled for December 2, 2002.

On September 3, 2002, the respondents filed a motion for summary judgment and a brief in support of that motion. On September 4, 2002, the petitioner filed a motion for summary judgment and a brief in support of that motion. Although titled as a motion for summary judgment, the petitioner's motion is actually a motion to remand the case to the Court of Common Pleas of Lebanon County on the basis that this court lacks subject matter jurisdiction. On September 17, 2002, the respondents filed a brief in opposition to the petitioner's motion to remand. The petitioner has not filed a brief in opposition to the respondents' motion for summary judgment.

We will first consider the petitioner's motion to remand because that motion raises the issue of whether or not this court has subject matter jurisdiction. If this court lacks subject matter jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Federal courts have subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant may remove

6

from state to federal court a claim within the district court's original jurisdiction. 28 U.S.C. § 1441(a). Removal on the basis of federal question jurisdiction "generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint. This well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995)(quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A case may not be removed solely on 'the basis of a federal defense . . . even if the defense is anticipated in the complaint and even if both parties admit that the defense is the only question truly at issue in the case.'" *Berry v. Pennsylvania Pressed Metals, Inc.*, 846 F.Supp. 27, 30 (M.D. Pa. 1994)(quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)).

In the instant case the petition to enforce the divorce decree contains only state law claims against the respondents. Thus, based on the well-pleaded complaint rule it would seem that this court lacks subject matter jurisdiction. The respondents, however, in their notice of removal contended that

AO 72A
(Rev. 8/82)

the "complete preemption" exception to the well-pleaded complaint rule is applicable in this case.

Federal pre-emption is ordinarily a defense to the plaintiff's suit. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id.* However, under the "complete preemption" exception to the well-pleaded complaint rule "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995)(quoting *Metropolitan Life Ins.*, *supra*, 481 U.S. at 63-64). "For the purposes of removal, '[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 114 (3d Cir. 1990)(quoting *Caterpillar*, *supra*, 482 U.S. at 393).

8

AO 72A
(Rev. 8/82)

The civil enforcement provisions of ERISA provides, in pertinent part:

> A civil action may be brought - (1) by a participant or beneficiary - . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a). "The Supreme Court has held that in enacting the civil-enforcement provisions of section 502(a) of ERISA [29 U.S.C. § 1132(a)], Congress intended to completely preempt state law." *In Re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000). State law claims that fall within the scope of ERISA's civil enforcement provisions are completely preempted. *Metropolitan Life Ins.*, *supra*, 481 U.S. at 66. "Claims that are completely preempted are 'necessarily federal in character,' and thus are converted into federal claims." *U.S. Healthcare*, *supra*, 193 F.3d at 160 (quoting *Metropolitan Life Ins.*, *supra*, 481 U.S. at 63).

In addition to the civil enforcement provisions, ERISA contains an express preemption provision. Section 514(a) provides that except as otherwise expressly provided the provisions of ERISA "shall supercede any and all State laws

9

insofar as they may now or hereafter relate to any employee benefit plan" subject to ERISA. 29 U.S.C. § 1144(a). "State-law claims that are subject to express preemption are displaced and thus subject to dismissal." *U.S. Healthcare, supra*, 193 F.3d at 160. "Unlike the scope of § 502(a)(1)(B), which is jurisdictional and creates a basis for removal to federal court, § 514(a) merely governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court." *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000).

Whether the petitioner's claims are completely preempted depends on whether they fall within the scope of ERISA's civil enforcement provisions. We conclude that they do not.

Count I is a claim for payment of "$62,811.57 from Decedent's retirement benefits/pension plus two-thirds of any increase in value in said retirement benefits/pension from May 5, 1995 to the present." This claim relates to Gerald's ERISA-covered plans. However, the petitioner does not claim that she is a beneficiary of such plans and the petitioner is seeking payment from Barbara Krause and/or the Estate of Gerald Krause

10

and not from the Teamster's fund. Accordingly, we conclude that the this is not a claim within the scope of ERISA's civil enforcement provisions because it is not a claim brought by a participant or beneficiary to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits under the terms of a plan.

Count II is a claim for unpaid alimony pursuant to the terms of the PSA. This claim is also not within the scope of the civil enforcement provisions of ERISA.

Since the petitioner's claims are not within the scope of the civil enforcement provisions of ERISA, the petitioner's claims are not completely pre-empted by ERISA. Because we conclude that the petitioner's claims are not subject to complete pre-emption, it follows that this court lacks subject matter jurisdiction and the case must be remanded to the state court. On remand, it will be for the state court to determine to what extent, if any, the petitioner's claims are pre-empted under § 514(a) of ERISA. *See Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995)("When the doctrine of complete preemption does not apply, but the plaintiff's state claim is

arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.").

AND NOW, this 24th day of October, 2002, **IT IS HEREBY ORDERED** that the petitioner's motion to remand (doc. 13) is **GRANTED**. The Clerk of Court is directed to remand this action to the Court of Common Pleas of Lebanon County, Pennsylvania. The trial scheduled for December 2, 2002 and the pretrial conference scheduled for November 21, 2002 are canceled.

J. Andrew Smyser
Magistrate Judge

Dated: October 24, 2002.

12